Robinett vs. Nunn.

---

## ROBINETT vs. NUNN.

1. When a set-off is filed before a justice of the peace, which exceeds the jurisdiction of the justice, he should treat it as a nullity. And on an appeal to the circuit court, such set-off cannot on motion, be reduced by a credit, so as to be in the jurisdiction of a justice, but the court will regard it as though no set-off had been filed before the justice.
2. A set-off may be pleaded before a justice after judgment by default is set aside, if before a trial is had.

### APPEAL from Green Circuit Court.

Napton, J., delivered the opinion of the court.

This was a suit originally commenced before a justice of the peace

in Wright county, by Nunn against Robinett, on a note for $100, given by said Robinett and one Mott, payable to one McDowell, and assigned by McDowell to plaintiff. On the return day of the writ, judgment by default was entered against Robinett. Two days after, this judgment was set aside on the application of the defendant, and the cause was set for trial on the 12th February, 1843, the previous trial having been on the 14th January. At the request of the defendant, the cause was adjourned until the 8th April, and on that day again postponed by consent of parties, till the 20th May. On this last day the defendant filed an account against McDowell, for $107 50, the parties went to tri- al and a verdict was rendered in favor ef the plaintiff for $120 50, and a judgment given accordingly, from which Robinett appealed to the cir- cuit court.

The appellant in the circuit court, upon a petition setting forth his belief in the prejudice of the judge, procured a change of venue, to the Green circuit court, where a trial was accordingly had, at the October term, 1844. At that trial the defendant moved the court to reverse the judgment of the justice, and remand the papers, which motion was overruled. The plaintiff then moved to strike out the set-off filed in the cause, because its amount exceeded the jurisdiction of a justice of the peace, and because it had been filed improperly. At the same time the defendant filed his motion for leave to remit a portion of the set off, so as to reduce the same to ninety dollars; which last motion the court overruled and sustained the motion to strike out. Verdict and judgment for the plaintiff. A motion was made for a new trial, which was over- ruled, and exceptions duly taken to the opinions of the court.

The errors relied on to reverse this judgment, are based upon the ac- tion of the circuit court upon the two motions submitted at the trial. The motion of the defendant below to reverse the judgment of the jus- tice, and remand the papers to the justice, seems to have been founded upon the supposed illegality in the adjournments of the trial by the jus- tice, growing out of the passage of the act of January 16, 1843, which restricted the sessions of justices' courts to quarterly sessions. There seems to be nothing in this law, which deprives the justice of the pow- ers conferred by previous laws, of adjourning cases, either by consent of both parties, or on the application of either, or in his own discretion. Rev. Code '35, p. 355. However this may be, it was clearly the du- ty of the circuit court, when the cause came up by appeal, to proceed to try the cause without regard to any irregularities the justice may have committed. There was, therefore, no error in refusing to remand the papers.

Robinett vs. Nunn.

As to the set off, the objections to it are two-field ; first, that it was not filed in time, but after a judgment by default ; and second that it exceeded in amount the jurisdiction of the justice.   When the judgment by default had been set aside, the case stood as though no judgment had ever been rendered ; and the defendant having filed his set-off before trial, it was properly before the justice, if unobjectionable in other respects.   But it exceeded the sum over which the justices have jurisdiction ; and the statute expressly says, that when that is the case the set-off shall not be allowed.   There can be no question, but that the plaintiff might have waived a portion of his demand, so as to bring it within the jurisdiction of the justice.   But he did not offer to do this before the justice, and the set-off was therefore properly disregarded by the justice.   When the cause came into the circuit court, it was as though no set off had been filed before the justice, and in such cases, the statute prohibits their introduction into the circuit court.

Judgment affirmed.