## Henry Best, Appellant, *vs.* John Best, Respondent.

1. A. commenced an action against B. before a justice of the peace, on an open account, amounting to more than ninety dollars. On the trial, B. secretly asked the justice if he had jurisdiction, to which the justice replied that he had, as A. did not claim more than ninety dollars. B. then went into the trial, on which A.'s attorney expressly stated that he did not claim more than ninety dollars, and judgment was rendered for less than that sum. *Held,* the judgment and execution issued thereon are not void.

### *Appeal from Andrew Circuit Court.*

Scott, Judge, delivered the opinion of the court.

This was an action of trespass, begun by Henry Best against John Best, for taking and selling his property under a void judgment and execution, as it was alleged. John Best, the defendant below, obtained a verdict.

It appears that a suit was begun in a justice's court by John Best against Henry Best, on an open account, which amounted to the sum of $106 87½. On a trial, John Best obtained a judgment for $79 17, debt and costs. Some days afterwards, this judgment was set aside by the justice and a new trial ordered. On the second trial, there was a judgment for John Best for $43 37½ debt and for costs. This last judgment was taken by appeal to the Circuit Court, where it was set aside, and the justice directed to issue an execution on the first judgment rendered by him. Under this execution, the property of Henry Best was taken and sold, which gave rise to this suit. On the trial in the justice's court, Henry Best enquired, secretly, of the justice, if he had jurisdiction of the cause? He was answered that he had, as the plaintiff did not claim more than ninety dollars. He then entered into the trial, and the plaintiff's attorney expressly stated that he claimed no more than ninety dollars.

Best *v.* Best.

The court refused instructions asked by Henry Best, to the effect that the execution and judgment were no justification to the party defendant, and that, under the facts of the case, he was entitled to recover, but instructed the jury that the party was justified.

Justices' courts are not courts of record. The rules applicable to proceedings in courts of record have not been applied to them. If justices' proceedings were made to conform to a standard erected on principles governing courts, which are presumed to understand all the forms, and whose officers have made the law their study and profession, they would become intolerable evils in our community, as they would only prove snares to the unwary, subjecting them to actions for causes which they could not prevent, and for which they should not be responsible. All that is required of such courts is, that they do substantial justice between the parties, and when this has been done, the courts of general jurisdiction will not be astute in hunting up objections which may overthrow their proceedings, and subject those who have employed them to actions which have no foundation in justice. Such a course would make these courts a curse to the community, instead of a convenience, and must necessarily drive every suitor from them. There is nothing in the case of *Robinett* v. *Nunn*, 9 Mo. Rep. 246, which stands in the way of an affirmance of this judgment. The offer to abandon a part of his set-off was not made by the defendant in that case, until it was in the Circuit Court. It was intimated that such an offer, if made in the justice's court, would have been effectual. In the cause under consideration, it sufficiently appears that the justice had jurisdiction of the subject matter ; that the trial was for a sum not exceeding ninety dollars ; that nothing more was claimed ; that the justice was authorized to enter a credit on the claim, and his failure to do so cannot effect the regularity of his proceedings, to the prejudice of the defendant.

The other Judges concurring, the judgment will be affirmed.