MOORE, Appellant, *vs.* OTIS *et al.*, Respondents.

1. A suit by attachment was commenced before a justice against Benjamin F.
   Otis and ——— Otis, as non-residents, upon a note signed by B. F. Otis & .
   Co., and judgment by default was rendered against the defendants upon pub-
   lication. On appeal to the circuit court, *it was held* erroneous to refuse
   permission to the plaintiff to dismiss as to ——— Otis, it appearing that no
   such person was ever a member of the firm.

*Appeal from St. Louis Circuit Court.*

*C. Harding*, for appellant.
*H. N. Hart*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff commenced his suit by attachment, before a
justice of the peace, against Benjamin F. Otis and ——— Otis,
upon a promissory note, signed by B. F. Otis & Co. The writ
was served on Robert Scott, as garnishee, and returned " not
served on the defendants." Notices were published according
to the directions of the statute concerning attachments, and
judgment was rendered against the defendants by default, for
$149 64 for debt and interest, and also for costs. This
judgment was rendered on the 14th September, 1850. On the
17th September, 1850, the justice's transcript shows, that the
defendant appeared and moved the justice to set aside the
judgment by default, which motion was overruled ; and there-
upon an appeal was taken to the Circuit Court. The applica-
tion for this appeal and the affidavit for the same, were made
by Robert Scott, who stated, that he appealed because he con-
sidered the *applicants* aggrieved by the judgment of the jus-
tice.

The transcript was docketed in the Circuit Court, " John E.
Moore *vs.* B. F. Otis & Co." The cause was, on motion of
defendants by their attorney, continued at the November term,

1851, of the Circuit Court. The motion for this continuance was supported by the affidavit of Robert Scott, agent for Benjamin F. Otis. Afterwards, at the April term, 1852, of said Circuit Court, the parties appeared by their respective attorneys, and neither party requiring a jury, the cause was submitted to the court, and the court, having duly heard and considered the same, ordered that the cause be dismissed at the costs of the plaintiff. The plaintiff moved to set aside this order and judgment dismissing the suit; his motion was overruled, and he brings the case here by appeal.

1. The bill of exceptions in this case shows that, when it was called for trial, the plaintiff moved the court for leave to discontinue the action as to —— Otis, one of the defendants. This motion being opposed by defendants' counsel, was laid over by the court until the next morning. The defendants also moved to dismiss the plaintiff's suit. Pending these motions, the plaintiff introduced evidence which it was agreed should be considered by the court, sitting as a jury, subject to its decision upon the above mentioned motions. This evidence was as follows : "That the firm of B. F. Otis & Co." was (at the time the note upon which this suit is brought, was made) composed of said B. F. Otis and one Robert Scott; that said Robert Scott was then, and still is, and had been for a long time, a resident of the state of Missouri ; that B. F. Otis was a resident of Boston, Massachusetts, and that no other person of the name of " Otis," except B. F. Otis, was ever a member of said firm of "B. F. Otis & Co. ;" also, that the signature to the note was in the hand-writing of B. F. Otis.

The court then overruled the plaintiff's motion for leave to discontinue, and sustained the defendants' motion, and dismissed the suit.

The plaintiff afterwards moved to set aside the order and judgment dismissing the suit, and brings the case here by appeal.

In this case, the record shows that B. F. Otis appeared and moved the justice to set aside the judgment by default. B.

F. Otis appealed from the justice's court. The appeal bond mentions the case as between John E. Moore, plaintiff, and B. F. Otis and —— Otis, defendants. After the case is called for trial in the Circuit Court, B. F. Otis, by his agent, Robert Scott, moves to continue it, and files his affidavit, stating the absence of a material witness ; it was continued then for B. F. Otis, at his costs. The name of —— Otis runs all along through the record, although the proof showed the Circuit Court that there was no other Otis ever a member of the firm ; that it was composed of B. F. Otis and Robert Scott. It does not appear upon what grounds the court dismissed the suit. It was error to dismiss the whole action arbitrarily ; the court should have permitted the plaintiff to have discontinued as to —— Otis. The other Otis showed no reason—no cause why the suit should be dismissed as to him ; he had appeared in both courts and made his motions in both courts ; he had not sought to put the truth of the affidavit on which the attachment issued, in issue ; but, from all that this court can see, he moves to dismiss, because there is a name of —— Otis in the writ against himself.

The Circuit Court erred in dismissing the action of the plaintiff. The judgment of that court is reversed, and the cause remanded, the other judges concurring.