LEE v. KAISER, *Appellant.*

1. **Justice's Court**: APPEAL: NONSUIT: BAR. The plaintiff on appeal from a justice's court, has the right to dismiss his appeal in the circuit court, and thereby vacate entirely the judgment of the justice, and such judgment of nonsuit in the circuit court, and judgment of the justice, constitute no bar to another action.

2. ——— ; ——— : NOTICE: DISMISSAL. An appeal having been taken

more than ten days before the next term of the circuit court, and notice thereof served within three days of the next succeeding term, *Held*, that necessity of notice relates to the time when it becomes triable against the appellee, that the appeal had been perfected and the court had jurisdiction, and the appeal could be dismissed at such succeeding term, and pending a motion to affirm the judgment of the justice.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Hamilton & Fisher* for appellant.

A nonsuit could not be taken in a case once tried upon its merits—an appeal case. *McKnight v. Taylor*, 1 Mo. 282, and cases cited; R. S., § 3556. No notice of appeal was given until within three days of the second term after it was taken, and the appellee had the right to have the judgment of the justice affirmed or the appeal dismissed. R. S., § 3057. Failure to give notice of the appeal amounts to a failure to prosecute. Wag. Stat., p. 850, § 21. And failure to give notice before the second term after appeal taken, will authorize an affirmance of the judgment. Wag. Stat., p. 344, § 16; *Rowley v. Hinds*, 50 Mo. 401; *Page v. Railroad Co.*, 61 Mo. 78; R. S., § 3057; *McCabe v. La Compte*, 15 Mo. 78. Defendant was an indorser after maturity, and was entitled to notice of demand and non-payment. *Light v Kingbury*, 50 Mo. 331; Wade on Notice p. 338, § 738; *Ib.*, p. 339, § 739.

*Smith & Krauthoff* for respondent.

Defendant's position that the judgment of the justice constituted a bar to this action, cannot be maintained. Upon appeal the circuit court became possessed of the cause, and it was its duty to try it anew. 2 Wag. Stat., p. 849, § 13; R. S., § 3052; *Cates v. Akerd*, 5 Mo. 124; *Ser v. Bobst*, 8 Mo. 506; *Compton v. Parsons*, 76 Mo 455, and

cases cited; *Gant v. Railroad Co.*, 79 Mo. 502; *Fitterling v. Railroad Co.*, 79 Mo. 504; *Turner v. Northcutt*, 9 Mo. 252; *Moore v. Otis*, 18 Mo. 118. It has been so ruled in other states under statutes similar to ours. *Harris v. Laird*, 25 Iowa 143; *Railroad Co. v. Sater*, 1 Iowa 421; *Borden Mining Co. v. Barry*, 17 Md. 419, 428. A nonsuit may be taken at any time before final judgment, and the effect of a nonsuit is to leave the plaintiff at liberty to bring a new action. *Holland v. Hatch*, 15 Ohio St. 464, 469; *Foot v. Martin*, 1 Met. 273, 274; *Knox v. Waldborough*, 5 Greenl. (Me.) 185; *Delaney v. Reade*, 4 Iowa 292, 295; *Jones v. Underwood*, 35 Barb. 211; *Haws v. Tiernan*, 53 Pa. St. 192, 194. Nor was plaintiff's right to take a nonsuit affected by the pendency of defendant's motion to affirm. *Audobon v. Ins. Co.*, 23 N. Y. 216; *Carlisle v. McCall*, 1 Hilt. (N. Y.) 399; *Horner v. Brown*, 16 How. 354. Prior to the taking of the nonsuit defendant had appeared in court and consented to continuances, etc., and generally admitted himself in court, and his motion to affirm had long before been waived. *Page v. Railroad Co.*, 61 Mo. 78; *Wolff v. Danforth Co.*, 70 Mo. 182; *Berry v. Union Trust Co.*, 75 Mo. 430. Having suffered a nonsuit, the plaintiff had a right to bring a new suit within one year thereafter. R. S., § 3239; *Shaw v. Pershing*, 57 Mo 416, *et seq.* Plaintiff received the note on account of a debt due him by defendant, and he was only bound to use ordinary diligence in presenting it and giving defendant notice of a refusal to pay. Edwards on Bills and Neg. Inst., (3 Ed.) § 287. Defendant stood in the relation of surety on the note. *Southwick v. Sax*, 9 Wend. 122; *Hazard v. Wells*, 2 Abb. (N. C.) 444, and cases cited. Indorsement of a promissory note after maturity, is equivalent to drawing a sight draft by the indorser upon the maker, and the indorser must present the same and give notice of non-payment within a reasonable time. Story Prom. Notes, (7 Ed.) p. 280, note. What constituted "due diligence" and "reasonable time," were questions of fact, and the finding below is conclusive. *Fugitt v. Nixon*, 44 Mo. 295;

28—80

*Wallace v. Agry,* 4 Mas. 336. Plaintiff's statement to defendant was a sufficient notice in form. *Glasgow v. Pratte,* 8 Mo. 336 ; 2 Dan. Neg. Inst., (3 Ed.) § 972. And defendant's conduct and statements were a waiver of presentment and notice. *Wilson v. Huston,* 13 Mo. 149 ; *Dorsey v. Watson,* 14 Mo. 59 ; 2 Dan. Neg. Inst., (3 Ed.) §§ 1148, 1152, 1162. And whether the statements of defendant amounted to a waiver, was a question of fact. There is evidence from which such waiver may be inferred, and the finding below must stand. *Leonard v. Gary,* 10 Wend. 504 ; *Hazard v. White,* 26 Ark. 155 ; *Ross v. Hurd,* 71 N. Y. 24 ; *Jones v. O'Brien,* 26 Eng. Law and Eq. 283 ; *Hicks v. Duke of Beaufort,* 4 Bing. (N. C.) 229 ; 2 Edwards Bills and Neg. Inst., (3 Ed.) pp. 651, 654. It was never contemplated by the parties that the plaintiff should be held to a strict performance of the duties of an ordinary indorsee. 2 Dan. Neg. Inst., (3 Ed.) § 1103 ; *Boyd v. Bank,* 32 Ohio St. 529 ; *Moyer's Appeal,* 87 Pa. St. 129 ; *Minturn v. Fisher,* 7 Cal. 573.

MARTIN, C.—This is an action on a promissory note made by one Henry Boggs, payable to the order of John B. Kaiser, defendant, in the sum of $56, bearing ten per cent interest and indorsed by said Kaiser to plaintiff. The suit is against defendant as indorser. Presentment, demand and dishonor of the note are alleged in the petition. It is also averred that the maker was insolvent, and that a suit against him would be unavailing, and that the defendant, with a knowledge of all these facts, promised to pay the note.

The defendant, in his answer, denies the allegations of the petition, and pleads a judgment in his favor against the plaintiff on the same note as in bar of the suit. The new matter in bar is put in issue by replication. No instructions were asked or given. At the close of the evidence the defendant interposed a demurrer as it were to the evidence, claiming that it failed to establish the case alleged in the petition. Judgment was rendered for plaintiff.

On the merits of the *prima facie* case alleged by the plaintiff, the evidence supports the judgment. The evidence tends to prove that the defendant, after a full knowledge of the facts attending the dishonor of the note, admitted his obligation to pay it, and gave in excuse only his inability to do so. The evidence sustains the waiver of diligence pleaded in the petition. The evidence given in support of the plea in bar by reason of a former judgment, does not sustain the plea. It seems that the plaintiff brought suit in 1877 against the defendant on the same note before a justice of the peace, and that the trial resulted in a judgment for defendant. The plaintiff appealed in due time. The appeal was taken more than ten days before the May term of the circuit court, 1877. Notice of the appeal was not served till within three days of the December term, 1877. The defendant appeared at said term and moved for an affirmance of the judgment. While the motion was pending the court permited the plaintiff to take a nonsuit of his case, and a judgment of nonsuit was entered. Such a judgment does not constitute a bar to another action. Under our practice the plaintiff, on appeal from a justice's court, has always been accorded the right of dismissing his suit and thereby vacating entirely the judgment before the justice. *Turner v. Northcutt*, 9 Mo. 252; *Moore v. Otis*, 18 Mo. 118; *Town of Carrollton v. Rhomberg*, 78 Mo. 547. Therefore the judgment of the justice constitutes no bar, it having been vacated by the appeal and dismissal of the suit. There was no irregularity in the court permitting the dismissal of the suit at the time it was done. The appeal had been perfected and the court had jurisdiction of the cause. The necessity of a notice of the appeal relates to the time when it becomes triable as against the appellee. The court being possessed of the case, no mere irregularity in entering its judgment could be impeached in a collateral proceeding.

The judgment is affirmed. All concur.