GEORGE A. LEONARD, Respondent, v. SECURITY BUILDING COMPANY, Appellant.

St. Louis Court of Appeals, December 31, 1913.

1. JUSTICES' COURTS: Appeal by Plaintiff: Right of Plaintiff to Dismiss Suit. A plaintiff appealing to the circuit court from a judgment rendered for defendant by a justice of the peace has the right to dismiss his cause of action, under Sec. 1980, R. S. 1909, pending a motion filed by defendant to dismiss the appeal.

2. ———: **Appeal: Suspension of Judgment.** An appeal from a judgment of a justice of the peace does not vacate the judgment altogether, but merely suspends it, pending the appeal.

3. ———: ———: **Effect of Dismissal of Suit.** Where a plaintiff appeals to the circuit court from an adverse judgment of a justice of the peace, and then exercises his right to dismiss the suit, the case is taken out of court and the judgment of the justice is thereby vacated.

4. **APPELLATE PRACTICE: Appealable Orders.** An appeal will not lie from the exercise of a plaintiff's right to voluntarily dismiss the suit after he has appealed to the circuit court from an adverse judgment of a justice of the peace; Sec. 2038, R. S. 1909, which provides that any party to the suit aggrieved by any judgment of the circuit court may appeal, not giving defendant any such right of appeal, since he cannot be said to be "aggrieved."

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

APPEAL DISMISSED.

*Charles E. Morrow* for appellant.

(1) The plaintiff did not perfect his appeal as required by statute in that he did not give an appeal bond with good and sufficient sureties. R. S. 1909, Sec. 7568. (2) The statute authorizes an appeal to be dismissed on motion of the apellee where an appeal bond is insufficient unless the appellant enters into such a recognizance as he ought to have entered into before the allowance of the appeal. R. S. 1909, 7580; Pullis v. Pullis, 157 Mo. 565. But it is also provided by Section 7580 that no appeal allowed by a justice shall be dismissed because the recognizance is defective or insufficient if the appellant will before the motion to dismiss is determined file in the appellate court such recognizance as he ought to have entered into before the allowance of the appeal. R. S. 1909, Sec. 7580; Moston v. Stow, 91 Mo. App. 554. Therefore the court

179 App. 31

clearly erred in not hearing defendant's motion to dismiss and in permitting the plaintiff to dismiss his cause in the face of this motion and before he had perfected his appeal as required by statute. Unless plaintiff filed a good bond his appeal should have been dismissed. (3) This court will review these errors on appeal. Moston v. Stow, 91 Mo. App. 554; Evans v. Dyke Automobile Co., 121 Mo. App. 266; R. S. 1909, Sec. 2038. (4) This case is clearly distinguished from a case where the appellant had duly perfected his appeal to the circuit court and there dismisses his cause. And this distinction has been clearly recognized by this court in the case cited and relied upon by respondent. Holdridge v. Marsh, 28 Mo. App. 283.

*John A. Gilliam* and *J. Butler McCormick* for respondent.

The decision permitting the dismissal was not appealable. Holdridge v. Marsh, 28 Mo. App. 283.

ALLEN, J.—This action was originally instituted before a justice of the peace, and is for personal injuries alleged to have been suffered by plaintiff through the negligence of the defendant. Upon a trial before the justice, the defendant had judgment, and the plaintiff prosecuted his appeal to the circuit court. Thereafter the defendant moved to dismiss plaintiff's appeal upon the ground of the insufficiency of the appeal bond given by plaintiff, it being averred that the surety thereon was insolvent. Thereafter, and before the court had acted upon defendant's motion to dismiss, plaintiff asked leave to dismiss his cause of action. The court permitted plaintiff so to do, and the defendant thereupon appealed to this court.

The only question involved is whether the plaintiff, after having suffered defeat in the justice court, and having appealed therefrom, had the right to dis-

miss his cause of action, during the pendency of appellant's motion to dismiss the appeal.

Appellant urges that plaintiff could not at this stage of the case dismiss his cause of action; that having been vanquished in the justice court, in a forum of his own choosing, he could not escape the consequences of the judgment against him there, and deprive the defendant of the benefit thereof, by appealing to the circuit court, and there dismissing his cause of action, in the face of a motion pending to dismiss the appeal for failure to give a sufficient appeal bond as required by statute.

In Lee v. Kaiser, 80 Mo. 431, plaintiff brought suit before a justice of the peace, and the trial, as here, resulted in a judgment for the defendant. Plaintiff appealed to the circuit court, but failed to give timely notice of the appeal in accordance with the statute then in force. The defendant moved for an affirmance of the judgment, and while this motion was pending the trial court permitted plaintiff to take a nonsuit. The Supreme Court held this to be proper, saying that the judgment of the justice had been vacated "by the appeal and dismissal of the suit," citing Turner v. Northcut, 9 Mo. 244; Moore v. Otis, 18 Mo. 118; Town of Carrollton v. Rhomberg, 78 Mo. 547.

In Holdridge v. Marsh, 28 Mo. App. 282, this court following Lee v. Kaiser, supra, held that a plaintiff who had appealed from a judgment of a justice had the right to take a voluntary nonsuit or to dismiss his action.

In Pullis v. Pullis, 157 Mo. 565, 57 S. W. 1095, upon which appellant relies, the matter under consideration was the effect of the dismissal of a defendant's appeal to the circuit court from a judgment of a justice of the peace, for failure to give an additional bond. It was held that the circuit court entered the only judgment that it had the power to enter, viz., that of the dismissal of the appeal, and that this left the

judgment of the justice of the peace in full force. The
opinion in that case, however, deals with several ques-
tions not directly involved therein; and discusses the
cases of Turner. v. Northcut, Town of Carrollton v.
Rhomberg and Lee v. Kaiser, supra. And it is pointed
out that not only was it held in the latter case that the
plaintiff could dismiss his action in the circuit court
and thereby vacate the judgment of a justice of the
peace, but that such had been held to be the privilege
of a plaintiff even where the defendant had filed a
counterclaim or set-off before the justice and obtained
judgment thereon, upon the theory that the dismissal
of plaintiff's case carried the set-off or counterclaim
with it (citing cases.) It is then pointed out that a new
section (1872) was added to the Revised Statutes of
1889, (now section 1878, Rev. Stat. 1909) providing
that a dismissal or nonsuit should not carry with it a
set-off or counterclaim of the defendant, but that the
same should be proceeded with as if it were a suit in-
stituted by the latter. A further change in the statu-
tory provisions relative to notice of an appeal from a
justice of the peace is noted, as having taken place sub-
sequent to the decisions in Lee v. Kaiser, and the cases
there cited; and it is pointed out that what is now sec-
tion 7580, Revised Statutes 1909, was not referred to
in those cases, though the same had been upon our
statute books since 1835. And referring to the latter
the court said: "Here is a distinct provision of the
law which authorizes an appeal to be dismissed on mo-
tion of the appellee unless the appellant takes the steps
thereby permitted. If such appeal is so dismissed, the
judgment of the justice must thereby be revivified."

In the instant case, learned counsel for appellant
points to this language of the Supreme Court in Pullis
v. Pullis, supra, as authority for the proposition that
an appeal from the judgment of a justice of the peace
does not vacate such judgment; and that where an ap-
pellee moves to dismiss the appeal it is the court's

duty to hear and determine such motion, and, if the same be meritorious, to dismiss the appeal, thereby "revivifying" the judgment before the justice in appellee's favor.

But we are unable to find that the decision in Pullis v. Pullis, supra, sustains appellant's position. It is true that it is there said, and this *obiter,* that there is no authority of law for the circuit court to affirm the judgment of the justice under such circumstances, but merely to dismiss the appeal; and it is said, *arguendo,* that the *appeal* cannot vacate the judgment absolutely. for if this be so, it could not be affirmed or left in force by a dismissal of the appeal, as authorized by sections 6340 and 6344, Revised Statutes 1889 (now sections 7580 and 7584, Revised Statutes 1909). It is said, however, that it is plain that the sections just referred to "must be construed to mean that while a case appealed from a justice of the peace must be tried *de novo* in the circuit court, *"and while every plaintiff may dismiss his suit at any time before it is finally submitted to the jury or court,* still he cannot carry with his dismissal the defendant's set-off or counterclaim," etc. (Italics ours.)

And it is also said that the cases of Lee v. Kaiser, and Turner v. Northcut, supra, must be read in the light of the subsequent legislation referred to, and which it is said "has taken away much of the foundation upon which they rested." Nevertheless it is quite apparent that the real point of decision in Lee v. Kaiser is not disapproved. It is not expressly overruled in the Pullis case, but on the contrary the latter distinctly recognizes "that every plaintiff may dismiss his suit at any time before it is finally submitted to the jury or court."

In fact, the real question with which we are here concerned was not involved in the Pullis case. The last authoritative ruling of the Supreme Court on the question is to be found in Lee v. Kaiser, supra. And

although since the latter decision there have been certain changes in the statutes relative to appeals from a justice of the peace, referred to in the Pullis case, such changes do not appear to affect the question of the right of a plaintiff to dismiss his case. It is true, as seen in the Pullis case, supra, that it is no longer held that an appeal from the judgment of a justice of the peace *vacates the latter altogether* as has been said in some of the cases (see Turner v. Northcut, supra, 1. c. 253; Hammel v. Weiss, 54 Mo. App. 1. c. 16; also state ex rel. v. Mosmon, 112 Mo. App. 1. c. 547, 87 S. W. 75), but that the judgment of the justice remains suspended pending the outcome of the appeal. [See also Sublette v. Ry. Co., 96 Mo. App. 120, 122, 69 S. W. 745.]

From the language of the Supreme Court in Pullis v. Pullis, supra, it appears that a *dismissal of the appeal* "revivifies" the judgment of a justice. This may be quite true, without in any manner affecting the real question before us. It is immaterial that the judgment may thus be revived and again become in force. But unless it is so revived by the dismissal of the appeal it never again acquires any force; for the case will otherwise proceed *de novo* in the circuit court as though it had been originally instituted there, and the circuit court will ultimately enter its judgment therein, unless the plaintiff should exercise his right to dismiss the cause or take a nonsuit, in which event the case is taken out of court and the judgment of the justice thereby vacated.

In Estate of Howard v. Strode, 128 Mo. App. 1. c. 495, 106 S. W. 116, in treating of the right of a claimant in the probate court, who had been there defeated, to dismiss the case while pending on her appeal in the circuit court, this court referred to Lee v. Kaiser, supra, as authority for the proposition that a plaintiff may dismiss his action in the circuit court thereby "vacating and annulling" a judgment of a justice of

the peace against him; this being there said for the
reason that "the practice on appeal from a probate
court is *mutatis mutandis,* like that on appeal from a
justice." And the Pullis case, supra, was not referred
to as having affected the decision in Lee v. Kaiser.

The right of a plaintiff to dismiss his suit, or take
a voluntary nonsuit therein, "at any time before the
same is finally submitted to the jury or to the court
sitting as a jury, or to the court," is allowed him under
section 1980, Revised Statutes 1909.

It is urged that an unreasonable hardship re-
sults from permitting a plaintiff to sue in a justice
court, and then, when defeated there, to appeal his case
to the circuit court, dismiss it, and begin over again,
thereby depriving a defendant of the benefit of his
judgment. This results, however, from the fact that
the cause is proceeded with *de novo* in the circuit court,
as though originally instituted there (Sec. 7579, R.
S. 1909), and the right of a plaintiff to dismiss or take
a nonsuit, at any time before final submission thereof,
under section 1980, supra.

It is said that the plaintiff did not perfect his ap-
peal to the circuit court as required by statute, in that
he did not give an appeal bond with good and sufficient
surety. But this question is in no manner before us.
The lower court was not given an opportunity to pass
thereupon, because of plaintiff's dismissal of the ac-
tion.

In this view it will be further seen that no appeal
will lie from the exercise of a plaintiff's right to volun-
tarily dismiss or take a nonsuit. Certainly the plain-
tiff cannot appeal therefrom. And it does not appear
that the statute gives to the defendant any such right.
[See Sec. 2038, R. S. 1909.] Nor can he be said to be
aggrieved thereby, within the meaning of the stat-
ute allowing appeals. And in Holdridge v. Marsh, su-
pra, this court distinctly held that a defendant had no
right of appeal from the action of the circuit court in

permitting a plaintiff to dismiss the cause, which, as here, was pending upon appeal from a justice of the peace.

It results therefore that this appeal must be dismissed, and it is so ordered. *Reynolds, P. J.*, and *Nortoni, J.*, concur.