AVALON DEVELOPMENT COMPANY, Inc., a Corporation, Plaintiff-Respondent,

v.

AMERICAN ITALIAN CONSTRUCTION AND DEVELOPMENT COMPANY, Inc., a Corporation, Defendant-Appellant.

No. 33099.

St. Louis Court of Appeals.

Missouri.

Feb. 18, 1969.

Mogab, Hughes & Green, J. A. Roche, Jr., St. Louis, for defendant-appellant.

Gerald L. Seegers, Clayton, for plaintiff-respondent.

PER CURIAM:

This case was recently reassigned. The action involved, for the restitution of certain leased premises, originated in the Magistrate Court of St. Louis County where the property was situated. On defendant's change of venue the matter was sent to the City of St. Louis, and after a trial the Magistrate Court there entered a judgment in favor of plaintiff for restitution and costs. No judgment for money was sought or granted. Defendant filed a notice of appeal to the Circuit Court of the City of St. Louis, but filed no bond either at that time or thereafter. Plaintiff filed in the Circuit Court a motion to dismiss defendant's appeal for failure to file a bond, and after a hearing was held, the court sustained plaintiff's motion and dismissed defendant's appeal. Its appeal to this court followed.

The parties are in sharp disagreement as to the nature of the action. Plaintiff's petition was entitled "Affidavit, Statement and Summons in Landlord's Cases," and in conformity with that title plaintiff maintains that its suit was brought under Chapter 535, RSMo 1959, V.A.M.S., as a landlord and tenant action. Defendant asserts that plaintiff's suit was one for unlawful detainer, cognizable under Chapter 534. The sole point assigned in defendant's brief is that the court below erred in dismissing its appeal from the Magistrate Court for failure to file a bond because none was required in this case.

In disposing of this appeal it is unnecessary for us to rule as to the nature of plaintiff's action. We will assume, but do not decide, that it was one for unlawful detainer, as defendant asserts. Section 534.400 of the chapter on unlawful detainer provides that, "No appeal shall be allowed in any case, unless notice thereof be filed by the appellant, * * * and sufficient recognizance be filed with the magistrate within ten days after the rendition of the judgment." Defendant concedes that pursuant to that section an appealing defendant is required to file a bond where the judgment is in favor of plaintiff and the defendant remains in possession of the premises pending the appeal. It was so held in Cusack v. Green, Mo.App., 252 S.W.2d 633. But defendant argues that the intent of the section is to protect the plaintiff from loss in such a situation, and that where, " * * * as in this case, possession has already been given prior to the appeal * * *," no bond is necessary.

The fatal flaw in that contention, if it was sound, is that there is nothing in the transcript to support the statement in defendant's brief that defendant delivered possession of the premises to plaintiff prior to taking its appeal, and plaintiff does not

so concede. On review we must, of course, take the record as we find it, and we may not notice or accept a statement of a fact asserted in a brief which is not supported by the transcript or conceded by the opposing party. Slivka v. Hackley, Mo., 418 S.W.2d 89; Koprivica v. Bethesda General Hospital, Mo., 410 S.W.2d 84; City of Hannibal v. Winchester, Mo.App., 360 S.W.2d 371. For aught that appears in this record defendant still remained in possession of the premises at the time the Circuit Court dismissed its appeal from the Magistrate Court.

In any event we cannot agree with defendant's interpretation of the requirements of Section 534.400. It will be noted that there is a significant difference between the requirement of a bond in a landlord and tenant action and that in one for unlawful detainer. Section 535.110 regarding a landlord and tenant action provides that a bond must be filed only when the appealing party is the defendant. Section 534.400, by contrast, reads that "No appeal shall be allowed in *any* case * * *" unless a bond is filed (emphasis supplied). And Section 534.410 specifies the terms of the bond when the plaintiff in an unlawful detainer action appeals from an adverse judgment. Thus it was held in State ex rel. Mode O'Day Frock Shops of Hollywood v. Holt, Mo.App., 260 S.W.2d 345, where the magistrate's judgment had been in favor of defendant and both parties appealed, plaintiff without bond, that when defendant dismissed its appeal (l. c. 346) "* * * there was nothing before the circuit court for the attempted appeal of the complainant was a nullity."

■ Since a plaintiff is required to file a bond when he appeals from an adverse judgment in an unlawful detainer action it logically follows that a defendant is required to do so even though he surrenders possession prior to taking his appeal. In plain and unambiguous language the statute requires that the bond be filed in either case. Its purpose and effect is to provide security for the payment of the judgment if it is upheld on appeal, including costs. In short, in any appeal in an action for unlawful detainer the filing of a sufficient bond is jurisdictional, and without it an attempted appeal is a nullity. Harter v. Lindsay, Mo.App., 279 S.W.2d 740; State ex rel. Mode O'Day Frock Shops of Hollywood v. Holt, supra; Cusack v. Green, supra.

Accordingly, the judgment is affirmed.

All concur.