**PAN AMERICAN REALTY CORPORA-TION, a corporation, Plain-tiff-Appellant,**

v.

**Melvin MUROFF, Ph. D. and Roy Mendel-son, M.D., Defendants-Respondents.**

No. 33712.

St. Louis Court of Appeals, Missouri.

June 12, 1970.

Peper, Martin, Jensen, Maichel & Hetlage, John G. Roach, St. Louis, for plaintiff-appellant.

Burton H. Shostak, Theodore H. Hoffman, St. Louis, for defendants-respondents.

BRADY, Judge.

By this appeal plaintiff seeks to prevent the defendants from reinstating a magis-

trate court judgment entered in plaintiff's favor. The trial court held the defendants could dismiss their appeal to the circuit court. We also so rule.

The facts need be only briefly referred to. Plaintiff filed its verified petition in an unlawful detainer action in the Magistrate Court of the City of St. Louis. Therein it alleged the lease of certain premises it owned to defendants for a five-year term at a monthly rental of $525.00; defendants' occupancy of the premises under the lease and expiration of the term; plaintiff's entitlement to possession and defendants' willfulness and unlawfulness in holding over and detaining the premises; and the service of a notice upon defendants to quit possession. The petition prayed for possession, for the value of monthly rental or profits from the date of expiration on the lease until the date of the notice at the rate of $525.00 per month, and for double the value of the monthly rents and profits until termination of defendants' possession pursuant to § 441.080, RSMo V.A.M.S.

The cause was heard and submitted and the magistrate found in favor of plaintiff. Judgment was entered for restoration of the premises, for $2,747.50 damages, and for $525.00 per month for rents and profits from the date of the judgment until the premises be restored to plaintiff. In spite of the fact the judgment did not award double the value of the monthly rent from the date of the judgment until restoration of the premises, plaintiff did not appeal and the time for appeal has long since expired. Defendants did file a timely appeal without bond to the circuit court. There the matter remained until defendants, by leave of court, dismissed their appeal at their cost. Plaintiff filed its motion to strike defendants' motion to dismiss. The trial court overruled plaintiff's motion and sustained defendants' motion to dismiss the appeal. Plaintiff appeals contending that defendants have no right to dismiss their appeal.

We are first confronted with defendants' motion to dismiss this appeal for failure to comply with Civil Rule 83.05(b) (d), V.A.M.R. There is no doubt but that appellant's brief violates both rules. The jurisdictional statement in plaintiff's brief invokes the jurisdiction of the Supreme Court of this state for the reason " * * * that the amount in controversy exceeds Seventy-Five Hundred Dollars." Leaving aside the fact that the jurisdiction of this court has been $15,000.00 for a number of years thus requiring transfer of this cause to this court, such a recital is in direct violation of the express wording in subparagraph (b) of Civil Rule 83.05. Therein it is stated that: "Bare recitals that jurisdiction is invoked * * * 'because the amount in dispute exceeds $15,000.00' * * *" is wholly insufficient as a jurisdictional statement. It fails to set out the sufficient factual data demonstrating the applicability of the particular provisions of the constitution whereon jurisdiction is sought to be predicated. Plaintiff's brief not only fails to comply but uses the exact wording which the rule itself gives as insufficient.

The violations of subparagraph (d) of Civil Rule 83.05, supra, are equally obvious. In all of plaintiff's brief there is not one specific page reference to the transcript. Both the statement of facts and the argument are equally devoid of any compliance with that rule. In addition, the statement of fact in plaintiff's brief does contain some purely argumentative matter.

Faced with such clear violations of our rules we would normally dismiss this appeal for that reason. We do not do so in the instant appeal solely because the point raised is of some general interest to the bar and has not been specifically passed upon for some time. In addition, plaintiff's allegations of error are so patently without merit that defendants cannot be harmed by our over-indulgence with regard to obedience to our rules.

There is no doubt that the provisions of § 534.330, RSMo V.A.M.S., re-

quired the magistrate to render a judgment in the amount double the rent owing plaintiff. The judgment entered in the magistrate court was not in that amount. Yet plaintiff did nothing. Moreover, plaintiff compounded his omission by allowing an appeal to be taken in an unlawful detainer action without requiring a bond to be posted. The filing of such a bond is required by § 534.400, RSMo V.A.M.S. The filing of a sufficient bond is jurisdictional and without which the attempted appeal by defendants was a nullity. Avalon Dev. Co. v. American Italian Const. & Dev. Co., Mo.App., 437 S.W.2d 702; State ex rel Mode O'Day Frock Shops of Hollywood v. Holt, Mo.App., 260 S.W.2d 345. It follows that plaintiff's argument defendants were allowed the luxury of continued possession of the premises is indeed true but that luxury arises from plaintiff's own inaction and from its failure to require the filing of a proper bond before allowing the appeal to stay the magistrate court's decision.

■ There is another point that should be ruled. In Aubuchon v. Ayers, Mo.App., 400 S.W.2d 472, this court, by this writer, discussed the dismissal of a cause of action while on appeal from the magistrate court. The precise issue presently before us was therefore not ruled in Aubuchon but the cases discussed there plainly and clearly rule this matter. In Pullis v. Pullis Bros. Iron Co., 157 Mo. 565, 57 S.W. 1095 (1900), this point was squarely ruled, viz, that the dismissal of the appeal left the judgment of the magistrate (then the justice of the peace) in full force. A further and more extensive discussion of the matter may be found in the 1913 opinion of this court in Leonard v. Security Bldg. Co., 179 Mo.App. 480, 162 S.W. 685, wherein we held: "[2] It is true, as seen in the Pullis Case, supra, that it is no longer held that an appeal from the judgment of a justice of the peace vacates the latter altogether, as has been said in some of the cases. See Turner v. Northcut, supra, 9 Mo. [251] loc. cit. 253; Hammel v. Weiss, 54 Mo.App. [14] loc. cit. 16; also State ex rel. v. Mosman, 112 Mo.App. [540] loc. cit. 547, 87 S.W. 75, but that the judgment of the justice remains suspended pending the outcome of the appeal. See, also, Sublette v. [St. Louis, I. M. & S.] Ry. Co., 96 Mo. App. [113] 120, 122, 69 S.W. 745.

"[3] From the language of the Supreme Court in Pullis v. Pullis, supra, it appears that a dismissal of the appeal 'revivifies' the judgment of a justice. This may be quite true without in any manner affecting the real question before us. It is immaterial that the judgment may thus be revived and again become in force. But, unless it is so revived by the dismissal of the appeal, it never again acquires any force; * * *." In the instant appeal the trial court properly permitted dismissal of the appeal and that dismissal revives the judgment of the magistrate court.

The judgment is affirmed.

WOLFE, P. J., concurs.