**COMMERCE SAVINGS AND LOAN ASSOCIATION, Respondent,**

v.

**Robert W. LEE and Mozell Lee, Appellants.**

**No. 25806.**

Missouri Court of Appeals, Kansas City District.

April 7, 1972.

Donald E. Raymond, Woods, Raymond & Raymond, Kansas City, for appellants.

James E. Lockwood, Brenner, Lockwood & O'Neal, Kansas City, for respondent.

PER CURIAM.

This is a proceeding under the unlawful detainer statute, which was commenced by a complaint filed in the Magistrate Court of Platte County. The parties will be referred to by their designations in the courts below. Defendants filed an answer and also a counter claim for cancellation of the foreclosure which was the basis of plaintiff's claim for possession. The counter claim was certified to the Circuit Court on the ground that it presented an issue beyond the jurisdiction of the Magistrate Court. On motion of the plaintiff the counter claim was stricken in the Circuit Court, and the proceedings were remanded to the Magistrate Court.

Thereafter the proceeding was heard before the Magistrate, resulting in a judg-

ment for the defendants. Plaintiff appealed in due time to the Circuit Court, but it failed to file the recognizance upon appeal as required by Section 534.400 V.A.M.S.

In the Circuit Court the defendants again attempted to reinstate the counter claim, but this was denied by the Circuit Court. The case then went to trial, resulting in a judgment for the plaintiffs, which judgment the defendants now appeal to this Court.

On the present appeal, defendants assign two points of error: (1) that the court below erred in entering judgment for the reason that no recognizance was filed and therefore the Circuit Court acquired no jurisdiction; and (2) that plaintiff is prohibited from enforcing its claim for the reason that it is a foreign corporation, not qualified to do business in Missouri, and that the loan to the defendants was made in the course of doing business in Missouri. We have concluded that defendants are correct with respect to their first assignment of error. Since that determination fully and finally disposes of the case, we do not reach and need not consider defendants' second assignment of error.

■ The courts of this State have held repeatedly that the filing of a recognizance upon appeal from a Magistrate Court in an unlawful detainer proceeding is jurisdictional and that in the absence of such filing the purported appeal is a nullity. The most recent decision on this subject is Pan American Realty Corp. v. Muroff, Mo. App., 456 S.W.2d 647. That case involved an unlawful detainer proceeding in a Magistrate Court. Judgment was entered for the plaintiff, but there was no doubling of rent as authorized by statute. The defendants appealed without bond to the Circuit Court, while the plaintiff filed no appeal at all. Thereafter, defendant dismissed its appeal and the plaintiff filed motion to strike the dismissal. The Circuit Court overruled the plaintiff's motion and sustained the defendant's motion. Those actions were affirmed by the St. Louis Court of Appeals, on the following reasoning:

"The filing of a sufficient bond is jurisdictional and without which the attempted appeal by defendants was a nullity."

A similar declaration of the law was made in Avalon Development Co. v. American Italian Construction & Development Co., Mo.App., 437 S.W.2d 702, where it was held:

"In short, in any appeal in an action for unlawful detainer the filing of a sufficient bond is jurisdictional, and without it an attempted appeal is a nullity."

So also in State ex rel. Mode O'Day Frock Shops v. Holt, Mo.App., 260 S.W.2d 345, the Court adopted the same rule. In that case, both parties appealed from the Magistrate judgment in an unlawful detainer proceeding, but only the defendant filed recognizance. Then the defendant dismissed its appeal and requested certification of the dismissal to the Magistrate. On the other hand, plaintiff requested the Circuit Court to proceed on her appeal. Over an objection by the defendant that the plaintiff had not filed a recognizance, the Circuit Court continued the case to permit the plaintiff to file a bond and thereafter ordered the case to continue. On a writ of prohibition the Court of Appeals held that the Circuit Court had no jurisdiction to proceed:

"After the defendant below, the relator here, had dismissed its appeal there was nothing before the circuit court for the attempted appeal of the complainant was a nullity. There was nothing further for the circuit court to do but to certify the dismissal to the magistrate in conformity with the statute and any other orders were in excess of its jurisdiction."

To the same effect is Harter v. Lindsay, Mo.App., 279 S.W.2d 740.

■ Plaintiff seeks to escape the force of the foregoing rule by arguing that defendants here have waived the lack of a bond on the appeal from the Magistrate Court, by their assertion of their counter claim for equitable relief and by failing to

raise any objection in the Circuit Court concerning the failure to file the bond. The contention with respect to the counter claim is quickly answered. That counter claim was stricken by the Circuit Court and has now been abandoned by the defendants. It therefore presented no issue in the Circuit Court, and presents no issue now, to invoke jurisdiction beyond the scope of unlawful detainer statutory proceeding itself.

This reduces the plaintiff to a bare contention that a defendant may waive a lack of jurisdiction, even lack of jurisdiction over the subject matter, if the requirement in question is solely for the protection of the defendant. Plaintiff states this proposition in its brief as follows: "Our courts have often held that where the jurisdictional question operates for the benefit of a litigant, it may be waived by him even though it pertains to jurisdiction over the subject matter."

In support of that proposition, plaintiff cites a considerable number of cases. It would unduly extend this opinion, without any compensating advantage of explaining any doubtful phase of the law, to discuss and distinguish all of those citations. Suffice it to say, we have carefully reviewed each case cited and find them all readily distinguishable. Thus, plaintiff's basic argument herein is without legal support and must be rejected as directly contradictory to the principles announced in the line of cases exemplified by Pan American Realty Corp. v. Muroff, supra.

Plaintiff also argues that its failure to file a bond resulted in no prejudice to the defendants and that the defect should therefore be regarded as non-reversible under the provisions under Section 511.260 (14) V.A.M.S. Said provision (as superseded by Rule 74.30, V.A.M.R.) has no application because the defect here is jurisdictional.

Finally, plaintiff argues that its appeal without bond cannot be considered a nullity because of the provision in Section 534.510 to the effect that if a complainant in unlawful detainer fails to file a recognizance, then the appeal "shall be dismissed". This argument by the plaintiff flies in the teeth of the many decisions to the contrary already cited and quoted in this opinion. Moreover, Section 534.510 does not bear the interpretation that plaintiff attempts to put upon it. The dismissal mentioned in the statute calls for a mere ministerial action by the Circuit Court. The provision does not imply that the Circuit Court is to make any judicial determination or exercise any discretion; nor can this provision be used as a predicate for opening the door to a waiver of lack of jurisdiction over the subject matter.

The judgment of the Circuit Court is reversed and remanded with directions to dismiss the appeal from the judgment of the Magistrate Court.