**Eugene McENTIRE, Appellant,**

v.

**PLAZA BANK OF COMMERCE, Respondent.**

**No. KCD 28796.**

Missouri Court of Appeals, Kansas City District.

Dec. 5, 1977.

Motion for Rehearing and/or Transfer Denied Dec. 27, 1977.

Philip C. Ehli, Kansas City, for appellant.

Darrell L. Havener, Robert B. Best, Jr., Kansas City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

WASSERSTROM, Judge.

Eugene McEntire sues here for alleged wrongful garnishment. The trial court sustained a motion for summary judgment filed by Plaza Bank of Commerce, and McEntire appeals. Affirmed.

The present suit grows out of an earlier action brought by Plaza against McEntire in 1968 before a Magistrate Court. In that prior action, Plaza claimed $714.15 and McEntire counterclaimed for $500. The magistrate court telescoped together into one net judgment the amounts to be awarded upon the principal claim and that upon the counterclaim, as required by Section 517.270 RSMo 1969, with a resulting award in favor of Plaza in the amount of $350. Plaza filed an appeal to the circuit court, but McEntire did not. Thereafter, on December 9, 1970, Plaza filed a voluntary dismissal of its appeal, and the circuit court entered its order that the appeal be dismissed and that the case be remanded to the magistrate court. McEntire took no action with respect to the latter order.

On February 9, 1972, Plaza secured garnishment in aid of execution on the $350 judgment against McEntire, and the sheriff received $43.60 from the garnishee. On May 24, 1972, Plaza secured a second garnishment upon which the sheriff received $335.86. McEntire prosecutes this lawsuit on the theory that those two garnishments

were without foundation in any valid judgment against him.

■ Before addressing that contention, disposition must be made of Plaza's pending motion to dismiss this appeal. That motion is well grounded insofar as it attacks McEntire's Point on Appeal Number II. That point is set forth in McEntire's brief as follows: "II. When a party plaintiff had judgment in magistrate court, and feels he is an aggrieved party (only an aggrieved party may appeal), thereafter appeals to the circuit court, and the appeal is perfected in circuit court all the claims, causes of action, demands and counter-claims are lodged in the circuit court and any effort by the circuit court to remand the claim or the counterclaim also was a nullity. Appellant cannot have his cake and eat it." This point grossly violates Rule 84.04(d) and will therefore be disregarded. In other respects, McEntire's brief complies adequately with Rule 84.04. Plaza's motion to dismiss, other than as related to McEntire's Point Number II, is therefore overruled.

McEntire's remaining point is that the trial court erred in sustaining Plaza's motion for summary judgment because Plaza's appeal from the magistrate judgment and its subsequent dismissal of that appeal voided the magistrate judgment and left Plaza with no basis upon which to levy execution and garnishment. In support of that argument, McEntire relies principally on *Turner v. Northcut,* 9 Mo. 251 (1845) and *Lee v. Kaiser,* 80 Mo. 431 (1883). The *Turner* opinion does contain this language favorable to McEntire: "When an appeal [from a justice court] is taken by either party, its effect is not only to suspend, but to destroy the effect of a judgment of a justice; it makes it as though no judgment had been rendered." This language, however, was only dictum. The facts in that case were that after losing in the justice court, the plaintiff appealed and thereafter voluntarily discontinued his action in the form of a non-suit. The actual point upon which the case turned as stated by the Supreme Court was: "whether a plaintiff who sues in a justice's court, and has a judgment rendered against him, from which he appeals to the Circuit Court, and afterward voluntarily discontinues his action or takes a non-suit, is barred by the judgment of non-suit or discontinuance, or whether he may sue again on his cause of action?" The issue here differs in that Plaza did not dismiss its cause of action, but only its appeal.

McEntire's other principal authority, *Lee v. Kaiser,* is likewise readily distinguishable. In *Lee,* the plaintiff had previously sued on a note in a justice court and had lost. From that justice court judgment he had appealed and then took a non-suit in the Circuit Court. Thereafter plaintiff filed this second lawsuit and the question for decision was whether the prior justice court judgment constituted a bar to the second suit. The court held in the negative on the ground that plaintiff had a right to take a voluntary non-suit even in the circuit court. Unfortunately the headnote to this decision (prepared by the then Supreme Court reporter pursuant to the provisions of Laws 1877, p. 235) incorrectly reported the holding of the court in the following garbled fashion:

"The plaintiff on appeal from a justice's court, has the right to dismiss his appeal in the circuit court, and thereby vacate entirely the judgment of the justice, and such judgment of nonsuit in the circuit court, and judgment of the justice, constitute no bar to another action."

Here again, just as in *Turner,* the real point of the case was simply that a plaintiff on appeal from a magistrate (formerly justice) court has a right to take a voluntary non-suit and in that way avoid the magistrate judgment.

■ Since the rendition of those two very old decisions, subsequent cases have corrected the erroneous impression created by the dictum in *Turner* and the poorly worded headnote in *Lee.* The more recent cases are referred to and well summarized in *Pan American Realty Corp. v. Muroff,* 456 S.W.2d 647, 649 (Mo.App.1970). The correct rule is that an appeal from a magistrate judgment suspends that judgment

during the pendency of the appeal; if the plaintiff then dismisses his entire cause of action, the magistrate judgment is eliminated as though it had never been; but if there is merely a dismissal of the appeal, then the magistrate judgment is "revivified" and stands in full force and effect. Inasmuch as Plaza merely dismissed its appeal, thereafter the magistrate judgment stood in force and sustained the garnishments.

McEntire argues, however, that Plaza cannot bring itself within that rule, for the alleged reason that Plaza's only choice was to dismiss its entire cause of action and that it had no power to merely dismiss its appeal. In this regard McEntire's brief refers to "the legal distinction that exists in law between dismissing the cause of action, which is done by the plaintiff, and dismissing an appeal which is done by the opposing party or by the Court." In connection with this proposition, McEntire cites Missouri Appellate Practice and Extraordinary Remedies, 2nd Edition, MoBar CLE, Sec. 1.7–5.

Neither that text nor any other authority cited or found states that a plaintiff who appeals from a magistrate judgment is disentitled from later dismissing that appeal in the circuit court. Indicating strongly to the contrary of that proposition is *Dallavalle v. Berry Grant Company,* 462 S.W.2d 175 (Mo. App.1970), one of the authorities cited in the CLE text. Moreover, even if McEntire were correct in his theory that Plaza had no power to dismiss its appeal, he does admit that the Circuit Court could do so. The Circuit Court did just that by its order of December 9, 1970.

McEntire's assignment of error having no merit, the judgment is affirmed.

All concur.