Solomon Shaffer, Plaintiff in Error, *v.* Daniel Currier, Defendant in Error.

ERROR TO OGLE.

A party who commences suit before a justice of the peace, may dismiss his suit after appeal in the Circuit Court, even though the defendant obtained a judgment in his favor against the plaintiff; but he must dismiss the suit at his own costs.

The judgment before the justice was opened by the appeal, and, as a matter of course, the judgment fell with the dismissal of the case.

Daniel Currier sued Shaffer before a justice of the peace. On the trial before the justice, Shaffer recovered a judgment against the plaintiff Currier, for the sum of thirty dollars.

Currier took an appeal from the decision of the justice, to the Circuit Court of Ogle county.

At a special term of the Ogle Circuit Court, held in January, 1852, Wilkinson, Judge, presiding, the cause was tried before a jury; the jury found for the defendant Shaffer, and assessed his damages at the sum of five cents. Thereupon Currier moved for a new trial, which was allowed by the court. Afterwards

Currier moved that the judgment obtained by Shaffer before the justice be reversed, and that the cause pending in the Circuit Court be dismissed; which motion was sustained, and the following judgment was rendered in the premises. " It is ordered by the court, that the cause be dismissed at the costs of the said Solomon Shaffer; and that the judgment in the court below be reversed at the costs of the 'said Shaffer. And that the said Daniel Currier have and recover of the said Solomon Shaffer his costs and charges in this behalf expended, and that he have execution therefor.

To this decision Shaffer excepted, and brought the cause to this court by writ of error.

The errors assigned are, the rendering a judgment for costs against Shaffer, and the reversing of the judgment rendered by the justice of the peace.

E. S. LELAND and VAN U. HIGGINS, for plaintiff in error.

J. MARSH, for defendant in error.

TREAT, C. J. Currier, to the use of Marshall, brought an action against Shaffer before a justice of the peace, which resulted in a judgment in favor of the latter for $30. Currier prosecuted an appeal to the Circuit Court, where the cause was tried, and a verdict returned in favor of Shaffer for five cents. A new trial was granted on his application. The Court then sustained a motion made by Currier, to dismiss the suit at the costs of Shaffer. The judgment for costs against Shaffer was clearly erroneous. Currier being the plaintiff, had an undoubted right to dismiss the suit, but it should have been done at his costs. If a plaintiff voluntarily abandons his case, he must be adjudged to pay the costs. He is not entitled to a judgment for costs against the defendant, until he has successfully prosecuted the action to final judgment against him. The judgment before the justice was opened by the appeal, and, as a matter of course, fell with the dismissal of the case.

The judgment for costs must be reversed, and the cause be remanded to the Circuit Court, with directions to enter a judgment against Currier for the costs of the case.

*Judgment reversed.*