BURLINGTON AND MISSOURI RAILROAD CO. *v.* SATER.

At any time before trial, a plaintiff may take a voluntary nonsuit, so far as his claim is concerned.

When the plaintiff takes a voluntary nonsuit, he is liable to pay all costs.

*Appeal from the Louisa District Court.*

THIS was a proceeding under the act of January 18, 1853, to obtain the right of way over defendant's land, for the railroad being constructed by the company. A jury having been summoned, the damages of the defendant were assessed at one hundred and thirty dollars, and from this, Sater appealed to the District Court of Des Moines county, in which county the proceedings originated. He afterward made application for, and obtained, a change of venue to Louisa county. At the last October term of that court, the company proposed to dismiss their suit, and abandon all claim to the right of way. To this, the defendant objected, which objection the court sustained, and against plaintiff's motion, ordered the cause to be set for trial and continued. The plaintiff now appeals, and assigns for error the refusal of the court to allow the proceedings to be dismissed.

*D. Rorer,* for appellant.

WRIGHT, C. J.—When a defendant claims a set-off, or sets up a cross claim, or demand, the suit cannot be dismissed, so as to deprive him of his right to be heard in his cross action. This is in the nature of a suit brought, upon which he has a right to proceed, though the plaintiff may dismiss his part of the case. We are aware of no rule, however, that will prevent a plaintiff from submitting to a voluntary nonsuit at any time before trial, so far as his claim is concerned. When he so submits, he, of course, is liable for all costs ; and if his suit has been vexatious, he may be

liable, in a separate action, to the party claimed to be injured by such prosecution. In this case, it appears, that the company, in the construction of their road, desired the right of way over the defendant's land. To assess the damages, a jury was called. With their award the defendant was dissatisfied, and appealed to the District Court. Up to this time, the company had acquired no right to the land, nor any easement therein, and could not until the payment of the money. The company had not entered upon the land, to construct the road, and no right to the amount asssessed had become vested in the plaintiff, any more than results to any party who appeals from a judgment with which he is dissatisfied. The company, therefore, had a perfect right to abandon the proposed route, and upon the payment of full costs, for this or any other reason, dismiss the proceedings. In the case of *The Baltimore and Susquehanna Railroad Company* v. *Nesbit et al.*, 10 How. 396, this language is used: " It can hardly be questioned, that, without acceptance by the acts in the mode prescribed, the company were not bound ; that if they had been dissatisfied with the estimate placed upon the land, or could have procured a more eligible site for the location of the road, they would have been at liberty, before such acceptance, wholly to renounce the inquisition. The proprietors of the land could have no authority to coerce the company into its adoption." So here, there was no acceptance by the defendant of the amount awarded by the inquisition, and no act done by him, whereby he surrendered any portion of his property to the company ; and, we think the company were at liberty to wholly abandon the proceeding, leaving the defendant in the entire and undisturbed possession of his land.

As to the general right of a party to submit to a nonsuit, see *Berry* v. *Savage et al.*, 2 Scam. 262; *Jones* v. *Fenimore*, 1 G. Greene, 145; *McCredy* v. *Fey*, 7 Watts, 496; *Eastern Bank* v. *Coryell*, 9 Watts & Sergeant, 153.

Judgment reversed.