## HARRIS v. LAIRD.

**Nonsuit:** APPEAL FROM JUSTICE. The plaintiff in an action appealed from a justice of the peace, may, in the District Court, dismiss his action without prejudice at any time before final submission, the same as if the cause had been originally commenced in that court.

*Appeal from Henry County District Court.*

MONDAY, JUNE 22.

THE necessary facts are stated in the opinion.

*Lewis & Bennett* for the appellant.

*McJunkin & Henderson* for the appellee.

COLE, J. — Plaintiff brought suit before a justice of the peace. The defense was in denial simply. The cause was there tried to a jury, and resulted in a verdict and judgment for the defendant. The plaintiff appealed to the District Court, where, on motion, he was permitted to dismiss his cause without prejudice; or, as the record entry has it, "plaintiff takes a nonsuit without prejudice." The defendant resisted this action of the court, and, pending it, moved to dismiss the appeal. Judgment was rendered against plaintiff for costs. The defendant appeals, and assigns for error the action of the court in dismissing the *cause* instead of dismissing the *appeal*.

The suit might have been originally prosecuted in the District Court, and the appeal brought up the cause for trial on the merits, the same as if originally brought in that court. Rev. § 3932. There was no set-off, counter claim or cross demand filed by the defendant either in the justice's court or elsewhere. The right of a party to dismiss his action without prejudice to a future action

at any time before final submission to the jury, is expressly given by section 3127 of the Revision. So of the right of a defendant to dismiss his set-off, counter claim or cross demand. Rev. § 3130. This right exists to the same extent where the cause is brought to the District Court by appeal as where it is brought there by original notice; certainly so in all cases where that court has original jurisdiction.

The objection that if a plaintiff is thus allowed to take an appeal where he is unsuccessful in the justice's court, and then dismiss his cause without prejudice, he can repeatedly harrass and perplex a defendant with the same pretended cause of action, has no more force when applied to an appeal case than when applied to an original action. And the right to do the latter is, as we have seen, expressly 'given. If a plaintiff thus prosecutes his suit repeatedly for vexation or maliciously, he is liable not only for costs but for damages. The case of *B. & M. R. R. Co.* v. *Sater* (1 Iowa, 421), is in point and practically decisive of this case. There the plaintiffs were allowed to dismiss their cause, even when the District Court had no original jurisdiction. See also as to the common law right of nonsuit, *Jones* v. *Fennimore*, 1 G. Greene, 134; *Berry* v. *Savage et al.*, 2 Scam. 262; id. 545. There was no error in the action of the District Court, and the judgment is

Affirmed.