JOSEPH PENCE, Respondent, v. THOMAS L. GABBERT, Administrator, etc., Appellant.

### Kansas City Court of Appeals, November 23, 1896.

Trial Practice: AGREED STATEMENT OF FACTS: DISMISSAL. An agreed statement of facts is ordinarily looked upon as a special verdict and the legal results are pronounced; but a plaintiff is not compelled under all circumstances to submit his cause a second time upon the same agreed statement, and after reversal of a judgment recovered, because of the prematureness of his action, he may dismiss his cause.

*Appeal from the De Kalb Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*James W. Boyd* and *Ben Phillip* for appellant.

(1) "A case stated is a substitute for a special verdict, adopted for convenience, to save the labor and expense of finding the same facts by a jury in the form of a special verdict." *Whitesides v. Russell*, 8 Watts & S. (Pa.) 44, 47. "It is therefore but a reasonable construction of the agreement that it shall be attended with the same effects and liable to the same incidents as a special verdict." *Whitesides v. Russell, supra; Munford v. Wilson*, 15 Mo. 540; *Carr v. Coal Company*, 96 Mo. 155; *Rannells v. Isgrigg*, 99 Mo. 28; *Land Company v. Hays*, 105 Mo. 153; *Smith v. Railroad*, 47 Mo. App. 549. (2) The dismissal of a case by a plaintiff is nothing more or less than a nonsuit. It must be conceded that, if instead of agreeing upon the facts, the parties to this suit had submitted them to a jury and the jury had retired and then returned into court a special verdict, the plaintiff would not, at that stage of the proceeding, be in a position to take a nonsuit or to dismiss his case.

R. S. Mo. 1889, sec. 2084. Suits must be dismissed, and nonsuits must be taken before the jury retire, and not after the jury have returned a verdict. R. S. Mo. 1889, sec. 2084; *Water Co. v. School District*, 23 Mo. App. 235. (3) And inasmuch as an agreed statement of facts is for all purposes exactly the same as a special verdict returned by a jury, the court had authority to do nothing except to enter judgment thereon and erred in allowing plaintiff to dismiss his suit. *Hall v. Mill Co.*, 16 Mo. App. 454, 457, and cases cited; *Cochran v. Moss*, 10 Mo. 416; *Spalding v. Mayhall*, 27 Mo. 377; *State ex rel. v. Railroad*, 34 Mo. App. 591; *City ex rel. v. Hax*, 55 Mo. App. 293. (4) After the case was remanded, it was the duty of the circuit court to render judgment, and if such judgment was not in accordance with what plaintiff considered himself entitled to, his remedy was to move for a new trial and not for a dismissal. *Cochran v. Moss*, 10 Mo. 416; R. S. 1889, secs. 2161, 2162, 2163, 2164.

*A. D. Burns* and *J. W. Coburn* for respondent.

(1) An agreed statement may be abandoned or rescinded like any other contract. 1 Encyclopedia of Plead. and Prac., p. 393. An agreed statement may be abandoned either by tacit or express consent, and pleading subsequently to the issue is satisfactory proof of such abandonment. 1 Encyclopedia Plead. and Prac., p. 393, note 1; *McLughan v. Bovard*, 4 Watts (Pa.), 308; *Hart's Appeal*, 8 Pa. St. 32; *Darlington v. Gray*, 5 Wharton (Pa.), 502. (2) An agreed case can not be withdrawn, or the agreement retracted by either party except by leave of the court or cause shown. A party may apply for leave to withdraw from the files an agreed case, or such part of an agreed case, filed under mistake or misapprehension. *Ish v. Crane*, 13 Ohio St. 574. In Vermont an agreed statement of facts

filed in the court is subject to the control of the court, the same as the pleadings, and the court may in its discretion allow the same to be withdrawn. *Fayston v. Richmond*, 25 Vt. 446. (3) If the admission were improvidently made, the injured party has the remedy by motion to strike out or amend the admission. *Fearing v. Irwin*, 4 Daly (N. Y.), 385; s. c., affirmed in 55 N. Y. 486; *Lathers v. Fish*, 4 Lans. (N. Y.) 213. An agreed case, after it is withdrawn, can not be read in evidence on a subsequent trial by jury. 1 Encyclopedia Plead. and Prac., p. 402; *McLughan v. Bovard*, 4 Watts (Pa.), 308; *Hart's Appeal*, 8 Pa. St. 72. (4) After the case was reversed and remanded it was not again submitted to the court. *Barden v. Ins. Co.*, 3 Mo. App. 251; *Mayer v. Old*, 51 Mo. App. 217; *Lawrence v. Shreeve*, 26 Mo. 492; *Wood v. Nortman*, 85 Mo. 298; *Mayer v. Old*, 51 Mo. App. 214. (5) It is not obligatory or mandatory upon the appellate court to direct the trial court to enter up any special judgment. *Land Co. v. Hays*, 105 Mo. 153; R. S. 1889, sec. 2304; *Gates v. Gates*, 62 Mo. 412.

ELLISON, J.—Plaintiff sued defendant for a breach of the covenants of warranty in a certain deed to real estate in Platte county. Plaintiff had judgment rendered by the court as his conclusion on an agreed statement of facts submitted by the parties, for something more than $1,600. The defendant appealed to this court and we held that plaintiff was not entitled to more than nominal damages, and reversed and remanded the cause. See case in 63 Mo. App. 302.

When the cause was returned to the circuit court, plaintiff dismissed the case. Defendant then moved to reinstate the case, and his motion being overruled by the court, he has appealed to this court. The position taken by the defendant is that the circuit court should

render judgment under the agreed statement of facts for nominal damages. That the agreed statement of facts was a special verdict on which the court must declare the law, which, in this case, would be nominal damages. Ordinarily, an agreed statement is looked upon as a special verdict and the legal results are pronounced upon it as would be in case the same facts had been found by a special verdict. But we are not aware of any authority for holding that under *all* circumstances a plaintiff is compellable to submit his cause a second time upon an agreed statement of facts. In this case it appears from the agreed statement upon which the cause was originally submitted, that the plaintiff had omitted to do an act, which may yet be done, and which is a condition precedent to his right to recover substantial damages. We know of no reason or authority prohibiting a plaintiff from abandoning by dismissal a case which, on the agreed facts, he has prematurely instituted. He was only entitled to recover nominal damages on the statement of facts as they existed, but it ought not to be said that he shall be forced to take such damage. He may forego his right and abandon his case if he so elects. The judgment is affirmed. All concur.