HOME FIRE INSURANCE COMPANY OF OMAHA V. LOUIS S. DEETS.

FILED APRIL 21, 1898.   No. 8029.

1. **Appeal to District Court: ISSUES: EFFECT OF DISMISSAL.** An appeal from the judgment of a justice of the peace in an ordinary civil action presents the case in the district court, to be proceeded with in all respects in the same manner as though the action had been originally instituted in the appellate court, and if the plaintiff suffer or invite a judgment of dismissal before a hearing on the merits, the judgment constitutes no bar to another action on the same cause.

2. **Insurance: ADDITIONAL INSURANCE: EVIDENCE.** In a suit on a policy of insurance the defendant company interposed the defense that the insured party had procured additional insurance on the property in violation of the terms and conditions of the policy in suit, and that by such action the contract had been avoided. The evidence examined, and *held* not to support the contention of the company, but to sustain a finding that no additional insurance had been placed on the property.

ERROR from the district court of Buffalo county. Tried below before SINCLAIR, J.  *Affirmed.*

*Greene & Breckenridge,* for plaintiff in error.

*John E. Deeker, contra.*

HARRISON, C. J.

Action on a policy of insurance against loss by fire, by the party insured, for the amount of the value of certain corn included in the property described in the contract of insurance, and alleged to have been destroyed by fire subsequent to the contract which was of date April 16, 1890. In its answer the company admitted the contract of the date and terms alleged by the plaintiff and pleaded that of the conditions of the policy there was the following: "If the assured shall now have or hereafter procure or accept any other contract of insurance on the above mentioned property, whether valid or not, without consent indorsed thereon, this policy shall be null and void;" that subsequent to the issuance of the policy and prior to the time of the fire by which the loss was occasioned, without the knowledge or consent of the company and in violation of the contract, the assured obtained of another company, the "Farmers Mutual Insurance Company of Buffalo County, Nebraska," other and further insurance on the corn, by which act the policy on which this suit was predicated was annulled. For the company it was further pleaded that prior to the institution of this action the plaintiff had commenced a suit against the company before a justice of the peace of Buffalo county, on the policy herein declared upon, and for the same cause as herein asserted, in which there had been a trial of the issues and judgment for the company, to avoid the effect of which the unsuccessful party had perfected an appeal to the district court of Buffalo county, and after the appeal dismissed said action; "that the appeal was not taken in good faith, but for the purpose of avoiding the force and effect of the judgment rendered by the justice of the peace." To the portion of the answer in which the appeal from the judgment of the justice of the peace, etc., was pleaded there was interposed a general demurrer, and of the other new matter contained in the answer there was

a general denial. In the district court there was judgment against the company, to reverse which it has prosecuted error proceedings to this court.

The demurrer to the third count of the company's answer—the portion which related to the appeal of a former action on the same cause from the judgment of a justice of the peace, and the subsequent dismissal by the appellant of the action—was sustained, and for the company it is urged that in the favorable ruling on the demurrer the district court erred. After the appeal had been perfected, the parties were to proceed in all respects in the same manner as though the action had been originally instituted in the appellate court. (Code of Civil Procedure, sec. 1010.) A judgment of dismissal, if there has been no hearing on the merits, does not bar another action. (*Philpott v. Brown*, 16 Neb. 387; *Cheney v. Cooper*, 14 Neb. 415.) The plaintiff could dismiss his action and the judgment of dismissal constituted no bar to this, a second action on the same cause; hence the court did not err in its ruling on the demurrer.

The further questions argued all turn upon the determination of the answer to be given from an inspection of the evidence to one query, Did the insured, after the contract in suit, obtain other insurance on the corn which was burnt? The evidence discloses that a policy was issued to the assured, Deets, by the Farmers Mutual Insurance Company, of a date subsequent to that of the policy on which this action is based; that in the policy issued by the Farmers Mutual the property described and the amount for which designated portions were insured were as follows:

"To the amount of Three Thousand Dollars, as follows:
On dwelling-house .....................      Dollars.
On contents of dwelling-house Four hundred ............................... 400 Dollars.
On barn five hundred...................      Dollars.
On contents of barn one hundred........      Dollars.
On granary and cribs fifteen hundred....      Dollars.

On contents of granary .................. Dollars.
On hay and grain in stacks.............. Dollars.
On live stock five hundred.............. 500 Dollars."

The policy bore the date April 19, 1892. The fire by
which the corn was destroyed occurred May 21, 1893. It
was of the testimony of Deets that the policy of the Farm-
ers Mutual was changed "some time in June, 1893, after
he rebuilt;" it appears that he had built a barn in the
place of one destroyed by the fire which is described in
the policy as changed as "new barn." The policy as
changed reads as follows:

"To the amount of ~~Three Thousand~~ 3500 Dollars, as follows:

On dwelling-house .................... Dollars.

On contents of dwelling-house Four hun-

dred ........................... 400 Dollars.

On new barn ~~five hundred~~ .................. 450 Dollars.

On contents of barn one hundred........ 150 Dollars.

On granary ~~and cribs fifteen hundred~~.... Dollars.

On contents of granary and cribs ..... 1500 Dollars.

On hay and grain in stacks............. Dollars.

On live stock five hundred.......... 500 Dollars.

On ~~farm machinery wagons, buggies & corn sheller~~ 500 Dollars.

On .............................. Dollars."

At close of policy appear the following words: "500
added June 20th, 1893." On June 10, 1893, the loss of
Deets was appraised by two men called for the purpose
by the proper officer of the Farmers Mutual Company,
and of the items of loss as fixed by them was that "On
contents of crib, three hundred and ninety-two (392) dol-
lars." The whole loss was estimated at $1,020; of this
Deets subsequently received $855, of which $227 was in-

tended in payment for the corn burned. Deets testified that he told the agent of the Home Fire Insurance Company some time in June, 1893, that he had the corn insured with the Farmers Mutual, and also told the agent or officer of the latter company, at or about the time of its adjustment of the loss, that the corn was included in its policy. He also testified that he thought at the time that such statements were true, but discovered afterwards, and subsequent to receiving the money from the Farmers Mutual, that the policy issued by it did not insure the corn; that there had been a mistake made. A portion of his testimony on this subject is as follows:

Q. You were asked by the other side if you did not state to their agent, Mr. Denman, some time in June, 1893, that the Farmers Mutual Insurance Company of Buffalo County, Nebraska, had insurance on the corn that was burned?

A. I either said so, or said I thought I had. I supposed at that time that they had.

Q. Did you find out afterwards that they had not or that you were mistaken in what you told Denman?

Objected to. Sustained.

Q. What did you ascertain after that?

A. After I read my policy over a little bit carefully in the Farmers Mutual Insurance Company, I found it was not on grain.

Q. Have you received any insurance from that company since you found out that there was no insurance on grain?

A. No, sir.

Q. Whatever money you received from the Farmers Mutual Insurance Company on corn, you received it by mistake or before you found there was a mistake?

A. Yes, sir.

He gave some further testimony to the same effect. Of this there was no contradiction and no evidence to the contrary. There may have been evidence which would have developed a different state of facts and which would

have supported the counsel for the defendant company's theory that Deets had applied to the Farmers Mutual for insurance on the corn, and the policy had been issued, and by mistake the corn had not been included in the contract, and in June it had been reformed to conform to the original intention; but if such evidence was in existence it was not produced at the trial and the jury was warranted in believing the testimony of Deets relative to the mistake in the adjustment and payment by the Farmers Mutual, and the verdict rendered herein must have followed such belief. The conditions established by the evidence relative to the payment by the Farmers Mutual seem somewhat novel and it would further almost seem that they ought not or could not exist unless there had been quite considerable lack of care in the transaction of the business, out of which they were evolved, but under the evidence there is scarcely any tenable or apparent way of escape from them. And furthermore, the verdict must be allowed to stand, for if the Farmers Mutual, through a mistaken belief of their liability for the loss of the corn, paid Deets therefor, he, receiving, at the same time entertaining the mistake as to the fact of the liability of the mutual company to him for its payment, it constituted and can make no defense herein for the other company and does not establish the defense that Deets had other insurance on the property, which, if established, would have released the defendant company from liability. (That it would have done so see *German Ins. Co. v. Heiduk*, 30 Neb. 288; *Hughes v. Insurance Co. of North America*, 40 Neb. 626.)

With the conclusions which we have been forced to adopt, as hereinbefore outlined, the judgment must be

AFFIRMED.