Merrimack, ⎰
June, 1899. ⎱

HOOD, *Adm'r*, *Ap't*, v. MARSHALL, *Adm'r*, & a.

An appellant from a decree of the probate court may have his appeal dismissed at any time before trial.

In such case, the sureties upon the bond of the appellee will not be allowed to prosecute the appeal when their interests are adverse to those of the appellant and their reasons of appeal different from his.

APPEAL, from a decree of the probate court, ordering Marshall, as administrator of Crippen, to pay over to Hood, as administrator of Lawrence, any balance in his hands belonging to the estate of Lawrence, of whose estate in his lifetime Crippen was administrator. Facts found by the court.

The appeal was taken in good faith by Hood, who assigned, as reasons for his appeal, insufficiency and ambiguity in the decree. At the term at which it was entered, counsel for Hood marked the case for trial by the court; but before the trial, at the same term, moved for leave to dismiss the appeal. Counsel for the sureties on Crippen's administration bond, who are the only parties interested adversely to Hood, objected to the dismissal of the appeal, and moved that they be allowed to prosecute the same for their protection, upon the ground that they were aggrieved by the decree and intended to appeal therefrom, and would have appealed except for the appeal taken by Hood; and for the reason that they were advised and understood that the questions as to which they were aggrieved by the decree would be open to them upon the trial of his appeal.

The sureties offered to prove the foregoing, and that they had substantial grounds of defence against the decree of the probate court, which they desired and intended in good faith to litigate. The court rejected the evidence, denied the motion of the appellees and granted that of the appellants, to all of which the sureties, as appellees, excepted.

*Sargent & Niles*, for the plaintiff.

*Leach & Stevens*, for the defendants.

BLODGETT, C. J. In analogy to the right of a plaintiff to become nonsuit before opening his case to the jury, it is the right of an appellant from the decree of the probate court to have his appeal dismissed at any time before trial. *Doughty* v. *Little*, 61 N. H. 365, 366; *Simpson* v. *Gafney*, 66 N. H. 477.

So far as appears, there was no error in denying the sureties' motion that they be allowed to prosecute the appeal. Their interests are understood to be adverse to those of the appellant, and their reasons of appeal to be different from his; and, if this be so, the granting of their motion would not subserve their purpose, because the only reasons of appeal before the court would be those assigned by the appellant in conformity with the statutory requirement. P. S., c. 200, s. 2. Under these circumstances, neither law nor the furtherance of justice would require the granting of the motion.

*Exceptions overruled.*

PARSONS, J., did not sit: the others concurred.