Argued before Department 1, January 11, reargued *in banc* April 4, 1916.

Reversed and remanded May 23, 1916.

# OREGON LUMBER CO. *v.* EAST FORK IRRIGA-
# TION DIST.

### (157 Pac. 963.)

**Appeal and Error—Determination—Granting Final Relief.**

1. Under Section 556, L. O. L., providing that, on appeal from a decree, the suit shall be tried anew upon the transcript and evidence accompanying it, and Section 557, providing that the Supreme Court may affirm, reverse or modify the determination of the trial court, and, if proper, may order a new trial, the Supreme Court is in the same situation as that occupied by the Circuit Court in regard to a suit to enjoin an irrigation district from interfering with the natural flow of water in a stream so far as possible upon the record, and to do and decree as that tribunal might have done lawfully at any stage of the contest.

**Waters and Watercourses—Water Rights—Determination—Proceedings.**

2. Under Section 6635, L. O. L., providing that, on petition of one or more water users upon any stream requesting the determination of the relative rights of claimants to its water, the state water board, as it is styled in Laws of 1913, Chapter 82, shall take certain proceedings outlined, and that, in case suit is brought in the Circuit Court for the determination of rights to the use of water, the case may, in the discretion of the court, be transferred to the water board for determination, a suit brought in the Circuit Court under Section 51 to

restrain an irrigation district from interfering with the natural flow of water in a stream is tantamount to and serves the purpose of a petition addressed directly to the water board.

**Constitutional Law—Waters and Watercourses—Due Process of Law—Water Board.**

3. Section 6635, L. O. L., creating a board of control, with power to determine water rights, subject to review by the courts, upon requests of persons interested, providing for ample notice to all claimants, is not violative of the constitutional provision that a person shall not be deprived of life, liberty or property without due process of law, since every party in interest has its constitutional day in court before a judicial tribunal endowed with jurisdiction to hear and determine the issues.

**Constitutional Law—Distribution of Governmental Powers—Judiciary.**

4. Section 6635, L. O. L., is not violative of the constitutional provision for the separation of the governmental powers, since, although a case is transferred to the water board for determination, such transfer is not an abdication of jurisdiction, but a use of reformed procedure; the final result depending upon the judicial decree of the Circuit Court.

> [As to what is judicial power within constitutional theory as to separation of powers of government, see note in **Ann. Cas. 1913E,** 1097.]

From Hood River: WILLIAM L. BRADSHAW, Judge.

In Banc.   Statement PER CURIAM.

This is a suit by the Oregon Lumber Company, a corporation, against the East Fork Irrigation District, a corporation.   The facts are as follows:

The plaintiff is a corporation doing business in this state in the manufacture of lumber at its sawmill in Hood River County.   The defendant is an irrigation district organized under Title XLI, Chapter 7, L. O. L. The plaintiff is the owner of the west half of section 7, township 1 north, range 10 east, of the Willamette Meridian, and a large amount of timber land in that county, amounting to about 12,000 acres, all accessible from said legal subdivision.   The east fork of Hood River is a perennial non-navigable stream, taking rise from the perpetual snows of Mt. Hood and running in a general northerly direction across the lands of the plaintiff first mentioned.   The plaintiff

alleges, and it is admitted by the defendant, that in April, 1905, the former began the construction of a dam across the east fork of Hood River on the west half of section 7 aforesaid, completed the same, and about June 1, 1906, began to use the water in running its sawmill there. The plaintiff claims to have appropriated as a motive power for its machinery 340 second-feet of water from the stream, and that the same is necessary for the ordinary operation of its plant. The necessity of so large an appropriation is denied by the defendant. It is stated in the complaint and admitted by the answer that the defendant was incorporated for the purpose of irrigating about 13,000 acres of land within the corporate limits of the district by means of water to be taken from the stream above the point of diversion established by the plaintiff, and that the defendant threatens to, and unless restrained by the court will, divert to the exclusion of plaintiff's appropriation a large amount or all the water of the stream flowing at its point of diversion during the irrigation season between April 15th and September 30th of each year. The plaintiff's prayer is that the defendant be utterly restrained from interfering with the natural flow of the water in the stream.

After sundry denials, about which it is not necessary to particularize, the defendant pleads the incorporation of the East Fork Irrigating Company in 1895, and attributes to it the posting of a notice at a point of diversion on the stream, to the effect that it intended to appropriate therefrom 7,000 miner's inches of water, measured under a six-inch pressure; that it completed a main canal or ditch from the point of diversion northerly through lands now embraced in territory of the defendant district, and turned water into the main canal and distributing ditches issuing

therefrom. The defendant, pleading its own incorporation as an irrigation district, claims to deraign title from the East Fork Irrigating Company to the right to appropriate the quantity of water described in that notice.

The reply traversed the new matter of the answer in various material particulars. The Circuit Court decreed that the plaintiff take nothing by its complaint, and established a right of the defendant to divert and appropriate such a volume of water not exceeding 175 second-feet, as may be necessary to apply to the irrigation of irrigable lands embraced within its district, giving it priority as of date November, 1895, and enjoining the plaintiff from interfering in any manner with the exercise of the right thus settled. The plaintiff appeals.                    REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Huntington & Wilson, Mr. H. W. Strong* and *Mr. Ernest C. Smith,* with oral arguments by *Mr. Huntington* and *Mr. Strong.*

For respondent there was a brief over the names of *Mr. George R. Wilbur* and *Mr. A. J. Derby,* with an oral argument by *Mr. Wilbur.*

Opinion PER CURIAM.

1. This is a suit in equity, appealed to this court from a decree of the Circuit Court, to be tried here anew upon the transcript and the evidence accompanying it: Section 556, L. O. L. We are empowered to affirm, reverse, or modify the determination of the trial court, and, if proper, may order a new trial: Section 557, L. O. L. The legal effect of these Code sections is to put this court in the

same situation occupied by the Circuit Court in relation to the instant litigation, so far as possible upon the record, and to do and decree as that tribunal might have done lawfully in the premises at any stage of the contest.

2. It is the consensus of opinion of all the members of this court who have been concerned in the hearing that it is impossible to determine accurately or satisfactorily from the evidence before us at least the amount of water due to each party, if not the order of priority between them. Moreover, the testimony discloses that similar water-using concerns are being supplied from the same stream, whose rights might be affected and ought to be settled by any apportionment of the flowage involved. In Section 6635, L. O. L., it is provided in substance that on the petition of one or more water users upon any stream, requesting the determination of the relative rights of various claimants to its waters, the state water board, as it is styled in Chapter 82 of Laws of 1913, shall take certain proceedings outlined in the following sections for the purpose of settling all rights to the water. That section concludes with this language:

"In case suit is brought in the Circuit Court for the determination of rights to the use of water, the case may, in the discretion of the court, be transferred to the board of control for determination as in this act provided."

Under this excerpt, the suit having been brought by filing the complaint, as taught in Section 51, L. O. L., that pleading is tantamount to and serves the office of a petition addressed directly to the state water board. At this stage of the litigation the cause was ripe for transfer to the board. The procedure established for such matters equips that body, so that it can ascer-

tain and determine water rights in the first instance
far more accurately and efficiently than any court can
in the ordinary method based upon the usual plead-
ings and manner of taking testimony.

3, 4. The validity of this legislation is discussed and
affirmed *In re Willow Creek,* 74 Or. 592 (144 Pac. 505,
146 Pac. 475), in an opinion by Mr. Justice BEAN.
The argument need not be repeated here. It is suffi-
cient to say that it provides for notifying all parties
concerned in the stream involved, for expert measure-
ment and examination, for adjustment and settlement
by the board of relative rights and priorities, for con-
test of the correctness of the board's findings by ex-
ceptions thereto supported by additional testimony,
and ultimately for a decree of the Circuit Court em-
bodying final results. Thus is preserved for every
party in interest due process of law, for all have the
constitutional "day in court" before a judicial tri-
bunal endowed with jurisdiction to hear and determine
the issues. We note that, under the statute, the case
is not referred as to a referee to report testimony, but
is "transferred" to the board "for determination as
in this act provided." This is not an abdication of
jurisdiction, but is only a use of reformed procedure
well adapted to a proper solution of such questions,
the final result of which depends upon the judicial
decree of the Circuit Court. In view of the uncer-
tainties in the testimony to which we have alluded, we
have decided to exercise the prerogative of reversal
and direction of new trial vested in this court by Sec-
tion 557, L. O. L., and remand the cause to the Circuit
Court, with directions to transfer the same to the state
water board for determination, treating the complaint
as a petition for that purpose, giving the plaintiff
leave to amend the same as it may be advised to

adapt it to the procedure indicated, and remitting the defendant and all other persons interested in the adjudication to the operation of the system of litigation delineated in the water Code. Each of the present parties will be required to pay its own costs and disbursements thus far incurred, without regard to the final event of the suit.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings in accordance with this opinion.    REVERSED AND REMANDED.