GARFIELD *v.* MANSFIELD STEEL CORPORATION.

1. DISMISSAL AND NONSUIT—NOTICE OF DISCONTINUANCE — COURT RULE.

Under Circuit Court Rule No. 43 the notice required to be given by plaintiff to defendant is of the discontinuance of suit filed and not of intention to file same.

2. SAME—DISCONTINUANCE—WAIVER OF RIGHT TO ATTACK.

Where defendant recognized plaintiff's discontinuance of suit as good by taxing costs, it could not thereafter attack its sufficiency.

3. SAME—INEFFECTIVE DISCONTINUANCE — MOTION TO SET ASIDE PROPER PRACTICE.

If a discontinuance is ineffective, defendant should move the court to set it aside.

4. COURTS—CIRCUIT COURTS—CASE PENDING ON APPEAL.

On appeal from the justice's court to the circuit court, a case is subject to the rules and practice governing actions pending in the circuit court.

5. JUSTICES OF THE PEACE—DISCONTINUANCE OF CASE PENDING ON APPEAL.

Where no set-off or recoupment is involved plaintiffs have a right to discontinue a case pending in the circuit court on appeal from the justice's court; although discontinuance of the appeal only would have revived the judgment.

6. SAME—CASE MERELY PENDING NOT IN PROGRESS.

A case merely pending in circuit court on appeal from ˙the justice's court and not yet reached is not in progress within the meaning of 3 Comp. Laws 1915, § 14566, preventing plaintiffs in civil actions from discontinuing after the defendant has entered upon the defense in open court.

7. TRIAL—INSTRUCTIONS—ISSUES PRESENTED.

In an action for cartage services claimed to have been rendered defendant corporation on orders of its president

and general manager, the issue as to whether such services were rendered for defendant or for a creditors' committee represented by defendant's manager, *held*, fairly presented to the jury.

8. CORPORATIONS—POWERS OF PRESIDENT AND GENERAL MANAGER.
The president and general manager of a corporation in charge of its shipping has power to contract for cartage services and bind the corporation by his promise in its name to pay for same.

Error to Wayne; Richter (Theodore J.), J. Submitted June 12, 1923. (Docket No. 23.) Decided July 19, 1923.

Assumpsit in justice's court by David Garfield and another, doing business as the Garfield Storage Company, against the Mansfield Steel Corporation for services rendered. There was judgment for plaintiffs, and defendant appealed to the circuit court. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Codd, Bishop & Kilpatrick (R. R. Weaver*, of counsel), for appellant.

*Louis Cohane*, for appellees.

WIEST, C. J. Plaintiffs sued defendant in the Detroit justice's court, and upon trial of the case judgment of no cause of action was rendered. Defendant made no claim of set-off or recoupment. Plaintiffs took an appeal to the Wayne circuit, and two days after the appeal was perfected, and before appearance by defendant, filed a discontinuance and gave notice thereof to defendant. No court order of discontinuance was asked for or granted. Five days after such discontinuance plaintiffs again sued defendant, on the identical claim, in the Detroit justice's court and upon trial had judgment. In the justice's court

defendant pleaded former adjudication in bar of the second suit.

Defendant took an appeal to the Wayne circuit and there insisted upon the defense of former adjudication, which was overruled and the case tried on the merits, resulting in a verdict and judgment for plaintiffs. The case is here on writ of error.

Defendant attacks the sufficiency of plaintiffs' discontinuance of the first suit, claiming:

"The attempted discontinuance was neither upon notice to defendant nor on payment of costs and no order of discontinuance was ever filed in said cause."

The plaintiffs filed the following paper, entitled in the case:

"To the Clerk of Said Court:
"Please discontinue the above entitled cause upon the files and records of the Wayne circuit court filing this in said cause as a discontinuance by the plaintiff of Wayne circuit court cause numbered and entitled as above.
"This is in no sense a discontinuance of the appeal, merely and only of the case now pending numbered as above, being a Wayne circuit court case.

"DAVID E. GARFIELD et al.,
as GARFIELD CARTAGE COMPANY,
Plaintiffs,
"By COHANE & SILVERSTEIN,
By LOUIS COHANE,
Their Attorney.

"Dated at Detroit, January 21, 1921."

Circuit Court Rule No. 43 provides:

"The plaintiff may, at any time, upon notice to the defendant or his attorney, and on the payment of costs, discontinue his suit by order filed in the cause, except where a recoupment or set-off is asserted by the defendant."

Under this rule, and a statute to the same effect, plaintiffs could, as of right, discontinue the case. The

rule notice required to be given a defendant is of the discontinuance filed and not of intention to file the same.    Notice of the discontinuance filed was given defendant, and defendant taxed its costs on such discontinuance.    The paper filed as a discontinuance was a crude affair but it was recognized as a discontinuance by defendant when it taxed costs by virtue of the same, and the technicality now urged comes too late.    Defendants should have moved the court to set the discontinuance aside if it was ineffective and not have treated it as good in taxing costs.

The question of former adjudication falls within the holding of this court in *French* v. *Weise,* 112 Mich. 586.

When the first case reached the circuit court on the appeal taken by plaintiffs, it was subject to the rules and practice governing actions pending in the circuit court, and, there being no set-off or recoupment involved, plaintiffs had a right to discontinue the suit. Had plaintiffs discontinued their appeal only, then, under the statute, the judgment appealed from would have been revived.    If the law, as it now stands, should be changed, so as to prevent such a course as here pursued, it must come through legislative action. Defendant invokes the statute (3 Comp. Laws 1915, § 14566), preventing plaintiffs in civil actions from discontinuing after the defendant has entered upon the defense to the action in open court, and claims defendant entered upon its defense in justice's court and thereafter, even upon appeal, there could be no discontinuance.

The statute invoked applies to a trial in progress and advanced to the point where the defendant has entered upon the defense and not to a case merely pending in the circuit court on appeal, to be heard *de novo* but not yet reached for trial.

Plaintiffs sued for cartage services they claimed to have rendered defendant company under employment by Mr. Mansfield, its president and general manager, while defendant claimed no cartage was done for it, but only at the request of Mr. Mansfield, acting as chairman of a creditors' committee of the Ann Arbor Machine Company, a matter wholly apart from defendant's business, and plaintiffs were so informed. These claims raised issues of fact for the jury.    Defendant contends there was error in the following instruction to the jury:

"If you find in this case that plaintiff did not know of the arrangement between the Ann Arbor Machine Company—or the arrangement made by the chairman of the creditors' committee that they were to pay for the same, it is your duty to render a judgment for the ·plaintiff."

This, of course, constituted but an isolated section of the charge of the court.    It is preceded by a statement of the claims of the parties and immediately followed by this:

"If, however, you find in the case that the plaintiff knew of the arrangement and that what Mr. Mansfield has said was true and was said as chairman of the creditors' committee and that the arrangement for the hauling of the same was made between the plaintiff and Mr. Mansfield as chairman of the creditors' committee, then the plaintiff cannot recover, if it was understood that the plaintiff was to receive his pay from the Ann Arbor company, it will be your duty to render a verdict no cause of action.    You are the sole judges of the testimony in this case.    You must find that the defendant did.make an arrangement and agreed to pay for the services in hauling the merchandise from their plant to the Ann Arbor company before plaintiff can recover."

We omit further quotation.    We think the issues were fairly presented.    But, it is said, Mr. Mansfield had no authority to bind defendant in the manner

claimed by plaintiffs. Mr. Mansfield, holding the position of manager of defendant company and exercising direct supervision over shipments for the company, could give the instructions claimed and bind defendant by his promise in its name, to pay for the services rendered.

We have considered the questions presented and find no reversible error.

The judgment is affirmed, with costs to plaintiffs.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.