Argued October 20, affirmed November 15, 1927, argued on re-hearing April 4, former opinion adhered to September 25, 1928.

## J. W. GOIN v. RAY W. CHUTE ET AL.

(260 Pac. 998; 270 Pac. 492.)

For appellants there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

For respondent there was a brief and oral argument by *Mr. L. F. Callahan.*

ROSSMAN, J.—■ It is the contention of the defendants that the Circuit Court should have dismissed the appeal because the transcript from the County Court was not accompanied with the evidence adduced before the County Court. As we have seen, the plaintiff did not take his appeal for the purpose of having a trial in the appellate court, but for the sole purpose of taking a voluntary nonsuit. The evidence would have served no purpose at all. Section 555, Or. L., provides:

"When it appears by affidavit to the satisfaction of the court that the transcript is incomplete in any particular substantially affecting the merits of the judgment or decree appealed from, on motion of the respondent the court shall make a rule upon the clerk of the court below, requiring him to certify as to such alleged omission, and if true," transmit to the appellate court the missing papers "or, in such case, the respondent may move to dismiss the appeal * * ."

■ ■ When the plaintiff moved for a nonsuit, the defendants did not call to the Circuit Court's attention any incompleteness in the transcript; no affidavit was ever filed, showing that more documents on file with the County Court were necessary in the Circuit Court to enable the latter to intelligently pass on the motion for nonsuit. Nor did the County Court ever certify to any omission. We must, there-

fore, assume that the record was sufficient to confer jurisdiction upon the Circuit Court. Jurisdiction having been conferred, the Circuit Court was authorized to try the case *de novo:* Or. L., §§ 556 and 559, subd. 3; *In re Plunkett's Estate,* 33 Or. 414 (54 Pac. 152); *Slaughter* v. *Martin,* 9 Ala. App. 285 (63 South. 689); *French* v. *Weise,* 112 Mich. 586 (70 N. W. 1101); *Garfield* v. *Mansfield,* 223 Mich. 694 (194 N. W. 526).

■ Jurisdiction having been conferred to proceed with the case *de novo,* the Circuit Court was authorized to allow the plaintiff a voluntary nonsuit: *Currie* v. *Southern Pacific Co.,* 23 Or. 400 (31 Pac. 963); *Leonard* v. *Security Building Co.,* 179 Mo. App. 480 (162 S. W. 685); *French* v. *Weise,* 112 Mich. 586 (70 N. W. 1101); *Garfield* v. *Mansfield Steel Co.,* 223 Mich. 694 (194 N. W. 526); *Pence* v. *Gabbert,* 67 Mo. App. 493; 6 Ency. of Pl. & Pr. 833; 18 C. J. 1158.

■ The record is not before us showing what, if any, relief the defendants sought in the County Court. Section 182, Or. L., provides a plaintiff may take a voluntary nonsuit, unless the answer contains a counterclaim. An application for a writ of *habeas corpus* would not permit a counterclaim.

AFFIRMED.

RAND, C. J., and McBRIDE and COSHOW, JJ., concur.

Former opinion adhered to on rehearing September 25, 1928.

### On Rehearing.

(270 Pac. 492.)

For appellant there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

For respondent there was a brief and oral argument by *Mr. L. F. Callahan.*

ROSSMAN, J.— Upon the rehearing the appellant has stressed two contentions. In the one he submits that the Circuit Court should have dismissed the appeal from the County Court. As a foundation for this contention he says that the plaintiff (appellant) failed to have incorporated in the transcript all of the papers on file with the County Court. The transcript consisted of the decree of the County Court, a notice of appeal and the undertaking. The decree contained a narrative of the proceedings that had taken place before the County Court. Briefly stated, it recited that the defendants had filed their return to the writ; that the plaintiff filed a demurrer to the return, and added the contentions upon which the demurrer was based; the decree recited that the demurrer was overruled, that the plaintiff elected to stand upon it, that the parties stipulated that the return to the writ should be deemed true, and that no evidence was offered. Further, the decree recites that the court ruled that the plaintiff was not entitled to the custody of the minor child which was the subject matter of the writ, but awarded it to the defendant. As we observed in our previous decision,

the respondent asked for no trial in the Circuit Court. Immediately after he filed the above transcript, he moved for a voluntary nonsuit; such being the situation the transcript was sufficient. The appellants argue that it was defective because it did not include any transcript of the evidence; but the decree recites that no testimony was taken. The only documents which the record discloses were on file in the County Court and not included in the transcript are the pleadings; but their presence in the transcript is not indispensable to confer jurisdiction upon the appellate court: *Nicholas* v. *Yamhill Co.*, 102 Or. 615 (192 Pac. 410, 203 Pac. 593). As we have pointed out before, Section 555, Or. L., requires the party who charges that the transcript is defective to point out by affidavit the documents that are absent. No such affidavits were filed in the Circuit Court. Hence, we conclude that this contention is without merit: *Santiam Reclamation Co. et al.* v. *Porter,* 126 Or. 91 (268·Pac. 980), decided by this court July 10, 1928. Whether *In re Plunkett's Estate,* 33 Or. 414 (54 Pac. 152), which the appellant relies upon, is material to this controversy, depends upon the determination we shall make of the next point the appellant has argued; that is, whether a plaintiff who has suffered a defeat in the County Court, or a Justice of the Peace Court, may prosecute an appeal to the Circuit Court, and there take a voluntary nonsuit. If this can be done, then the documents commented upon in *In re Plunkett's Estate* are immaterial in this proceeding. An appellant is under no duty to bring before the appellate court documents that are irrelevant to the issue to be tried upon appeal, and if he chooses to hazard his case upon a

single, circumscribed issue, and brings all of the record that is essential to this issue, he has brought enough.

█ The defendants' brief informs us that their answer alleged a counterclaim, and that therefore Section 182, Or. L., rendered erroneous the order of the Circuit Court which permitted the plaintiff to avail himself of a nonsuit. Section 401, Or. L., provides that the counterclaim in a suit in equity shall be one upon which a suit might be maintained by the defendant against the plaintiff, and that it shall be sufficient if it be connected with the subject of the suit. We assume that pursuant to this provision of our Code the defendants sought a decree awarding to themselves custody of the child. But the record fails to disclose this fact. September 3, 1926, the plaintiff filed a motion for a nonsuit; September 27, 1926, the court entered its order which allowed this motion. At that time there was nothing before the court which would indicate that the defendants were seeking any affirmative relief; nor does the record anywhere suggest that the defendant objected by reason of that fact. October 9, 1926, the defendants filed a motion in which they asked the court to set aside the above order, "for the reason that plaintiff has failed within the time provided by law to file in this court a transcript as provided by law, and this court has no jurisdiction of this cause. * * " The motion nowhere suggested that the answer contained a counterclaim. In fact no document before us, except defendants' brief, states a counterclaim was on file. While we do not distrust counsel's statement, yet we feel that to establish a precedent by accepting it would lead us into poor practice. Hence we find no error here.

■ We shall now proceed with our investigation of the next contention, that is, whether the Circuit Court erred when it allowed the appellant a nonsuit. Our Code confers upon the plaintiff the privilege of exercising a considerable degree of control over the eventual outcome of the action by becoming nonsuit. Thus, in the event a plaintiff should become dissatisfied with the turn of events, he need proceed no further. The privilege of becoming nonsuit is an accompaniment of or corollary to the right that no one is required to sue another unless he chooses: *Hutchings* v. *Royal Bakery*, 60 Or. 48 (118 Pac. 185). Since he is not compelled to sue, the privilege of taking a voluntary nonsuit permits him to stop whenever he no longer cares to prosecute. Section 182, Or. L., provides:

"Judgment of nonsuit may be given against the plaintiff as provided in this chapter, * *

"1. On motion of the plaintiff, at any time before trial, unless a counterclaim has been pleaded as a defense; * * "

The application to which a plaintiff may put this privilege is well stated in *Reed* v. *Rocap*, 9 N. J. Law, 349.

"The principle on which this permission to withdraw is founded, is that the procedure on the part of the plaintiff is his own, instituted for his own benefit; that in abandoning it he affects or abridges the right of no other person; and as he must pay costs to his adversary, he is thereby deemed, in legal contemplation, to make him indemnity for calling him into court; so long then as he can exercise control over the proceedings without interfering with the established rights of another, he is permitted to do so. But whenever such proceedings have occurred, or the suit has so far advanced that any right of the

adverse party has been legally established, or may be abridged by a relinquishment of further proceedings, the power of the plaintiff has ceased.

"Thus, for example, during all the stages of the suit, antecedent to the trial, the plaintiff may, at his pleasure, cease to prosecute. * '* "

The sole question before us is whether this right to exercise the foregoing degree of control over the outcome of the trial accompanies the plaintiff into the Circuit Court when the case is to be tried *de novo*. Section 556, Or. L., makes provision that "upon an appeal from the judgment of the county court or justice's court, the action shall be tried anew, upon substantially the issues tried in the court below." And Section 559, subdivision 3, provides: "Upon an appeal to the Circuit Court, the manner of proceeding thereafter is the same as if the action or suit had been commenced in such court; but if the appeal be from a decree of the County Court, the appellate court may give a final decree in the cause or matter, to be enforced as a decree of such court, or such decree as may be proper, and direct that the cause or matter be remitted to the court below for further proceedings in accordance therewith." It will be observed from the contents of Section 559, subdivision 3, that the Circuit Court, upon an appeal from the County Court, is not limited in authority to a mere matter of affirming or reversing the decree of the County Court, but is authorized to write its own decree or remand the matter to the County Court for further proceedings in conformity with the directions of the Circuit Court. Thus the judgment of the County Court is a circumstance that warrants the defeated party to appeal. Having appealed, the judgment of the court below becomes merely a coin-

cidence and does not limit the authority of the upper court. Appellant, in his endeavors to show that the Circuit Court's authority does not include the power to grant a voluntary nonsuit, refers to Section 557, Or. L., which provides: "Upon an appeal, the appellate court may affirm, reverse, or modify the judgment or decree appealed from. * * " But the authority conferred expressly upon the Circuit Court, when it entertains an appeal from the County Court to write its own decree, or remands the matter for further proceedings in the County Court, seems to be out of harmony with Section 557; the words of the latter section being general, while authority conferred by Section 559 is specific and has reference to only one court; we conclude that the specific words are not limited by the general. See *Oregon Lumber Co.* v. *East Fork Irr. Dist.,* 80 Or. 568 (157 Pac. 963).

This brings us expressly to the main problem argued by the parties; that is, whether a plaintiff who has been defeated in the County Court may appeal to the Circuit Court and at once apply for a nonsuit. We have made a diligent search in the authorities and have been somewhat surprised at the paucity of the case-law upon this subject. The following support the contentions of the appellant: *Borden Mining Co.* v. *Barry,* 17 Md. 419; *Hall* v. *Ritter Lumber Co.,* 21 Ohio C. C. (N. S.) 511; *Denver Co.* v. *Paonia Co.,* 49 Colo. 281 (112 Pac. 692); *Reed* v. *Rocap,* 9 N. J. Law, 347; *Henarie* v. *Maxwell,* 10 N. J. Law, 297. Perhaps *Prettyman* v. *Waples,* 4 Harr. (Del.) 299, should be included in this group. Upon the other hand the following cases support the contentions of the respondent: *Shaffer* v. *Currier,* 13 Ill. 667; *Reeves* v. *Andrews,* 7 Ind. 207; *Harris* v. *Laird,*

25 Iowa, 143; *Darnell* v. *Haines,* 110 Kan. 363 (203 Pac. 712); *French* v. *Weiser,* 112 Mich. 586 (70 N. W. 1101); *Castator* v. *Boyes,* 221 Mich. 591 (192 N. W. 696); *Garfield* v. *Mansfield Steel Co.,* 223 Mich. 694 (194 N. W. 526); *Turner* v. *Northcut and McCarthy,* 9 Mo. 251; *Holdridge* v. *Marsh,* 28 Mo. App. 283; *Pence* v. *Gadhert,* 67 Mo. App. 493; *Leonard* v. *Building Co.,* 179 Mo. App. 480 (162 S. W. 685); *Home Fire Ins. Co.* v. *Deets,* 54 Neb. 620 (74 N. W. 1088); *Thornhill* v. *Hargreaves,* 76 Neb. 582 (107 N. W. 847); *Hood* v. *Marshall,* 69 N. H. 605 (45 Atl. 574); *People* v. *Judges,* 8 Cow. (N. Y.) 131; *Arrigo Co.* v. *Sposoto,* 44 Pa. Co. Ct. Rep. 165; *Government* v. *Lumeta Motor Co.,* 44 Philippine, 148; see, also, *Moreland Twp.* v. *Gordner,* 109 Pa. St. 116, and generally, 35 C. J. 811.

In the following cases the same principle was involved although the motion to dismiss was made by the respondent who had been the plaintiff in the court below: *Mundt* v. *Cook-Rutledge Coal Co.,* 118 Ill. App. 124; *Shadrack* v. *Milan,* 6 J. J. Marsh. (Ky.) 608; *Lanson etc. Co.* v. *Lavin,* 13 Pa. Dist. Rep. 273; *Fallman* v. *Gilman,* 1 Minn. 153; *Barrett* v. *Cody,* 78 N. H. 60 (96 Atl. 325). It is frequently held that a nonsuit may be taken after a case has been reversed and remanded for a new trial. See, for instance, *Argeropoulas* v. *Kansas City Ry.,* 201 Mo. App. 287 (212 S. W. 369), and generally, 6 Ency. of Pl. & Pr., 842, and 18 C. J. 1158.

In this latter group belongs *Currie* v. *Southern Pacific Co.,* 23 Or. 400 (31 Pac. 963). The plaintiff begun this case in the Justice of the Peace Court and recovered a judgment; the defendant appealed to the Circuit Court where the plaintiff again was

successful; the defendant appealed to this court
which held that the action of the Circuit Court in
permitting the plaintiff to amend his pleadings was
error, and reversed the judgment. Thereupon, the
plaintiff moved for and was granted a voluntary
nonsuit in the court below, which the defendant
assigned as error upon a second appeal. The de-
cision written by Chief Justice LORD points out that
when the cause was remanded "it was to be tried
*de novo*. * * It was there precisely for trial *de novo*
as it came from the justice's court, and the plain-
tiff could either take a nonsuit or take the conse-
quences of any further proceedings. * * While there
is some difference in the practice of the states, in
many it is provided, as in Oregon, that a nonsuit may
be taken at any time before the trial. As the case
stood, no trial had been had when the nonsuit was
asked by the plaintiff and allowed by the court.
BLACK, J., said that 'there is no case which decides
that the plaintiff may not become nonsuited on his
own motion, or that he may not if he pleases, dis-
continue or withdraw his action': *Blair* v. *McLean*,
25 Pa. St. 77. Since the plaintiff had the right to
take a nonsuit so as to prevent an adjudication on
the merits, and to enable him to begin over again if
he so desired, no right of the defendant was denied."
The respondent argues that this case is not in point
with the situation before us because in *Currie* v.
*Southern Pacific Co.*, the defendant had no judg-
ment when the plaintiff dismissed, whereas in the
suit now before us the judgment favored the de-
fendant. But, nevertheless, it remains true that in
*Currie* v. *Southern Pac. Co.*, the right of the plain-
tiff to take a nonsuit after he had had two trials was

recognized. It will be observed from the cases which we have cited that the weight of authority favors the right of the plaintiff to take a nonsuit upon appeal. Some of the courts which so hold base their conclusions upon the ground that at common law the right to take a nonsuit was absolute. See, for instance, *People* v. *The Judges, supra,* and *Castator* v. *Boyes, supra.* While other courts base their conclusions upon the ground that the statute which allows a party to take a nonsuit does not limit the privileges to the court of first instance, and that if the Code of Procedure provides that upon appeal the case shall be tried *de novo,* the statutory right to a nonsuit may be exercised in the appellate tribunal. The three minority cases which we have cited each seized upon a different premise in arriving at the conclusions. The Ohio court bases its conclusions upon the word "proceed" found in a section of the Ohio Code which provides that when an appeal is taken from a judgment of the Justice's Court to the common pleas, "the parties must proceed as if the action originally had been commenced in that court." The court felt that the use of the word "proceed" negatived the idea that the party could stop by taking a nonsuit. Yet it would seem as though a statutory provision which required a case to proceed in the common pleas court as though instituted therein would carry with it the privilege of becoming nonsuit, if this was a privilege appurtenant to cases filed in that court; to take a nonsuit is to avail oneself of a privilege granted by the rules of procedure. The Colorado case, like the Ohio one, cites no authority; it rests its conclusions upon the premise that if a party is permitted to take an appeal for the

purpose of asking for a nonsuit, he is afforded a privilege to nullify the judgment of the court below and thus comes into a position whereby he may begin again the litigation. The court felt that this would permit him to vex and annoy his adversary, and that it was foreign to the Code of Colorado. The argument that to permit such procedure would put the means into the hands of a plaintiff to harass his opponent is quite well answered by the observations of the Iowa court in *Harris* v. *Laird, supra,* wherein the court said:

"The objection that if a plaintiff is thus allowed to take an appeal where he is unsuccessful in the justice's court, and then dismiss his cause without prejudice, he can repeatedly harass and perplex a defendant with the same pretended cause of action, has no more force when applied to an appeal case than when applied to an original action. And the right to do the latter is, as we have seen, expressly given. If a plaintiff thus prosecutes his suit repeatedly for vexation or maliciously, he is liable not only for costs but for damages. The case of *B. & M. R. R. Co.* v. *Sater* (1 Iowa, 421), is in point and practically decisive of this case."

We believe that it is very doubtful whether any litigant will resort to such a means for the purpose of annoying his adversary; the expense and inconvenience will far more discommode the plaintiff than the defendant. The very small group of cases in which the plaintiff has asked for a nonsuit on appeal indicates that but few litigants have resorted to this practice for any purpose.

If we accept the conception that the use of the word "proceed" in the Code precludes the idea of stopping, and that Code pleading is opposed to the

use of a voluntary nonsuit in the appellate court, it may be worth while to inquire what would the Ohio and Colorado courts do with a situation wherein the plaintiff applied for a nonsuit after he had progressed somewhat with his case and became satisfied that to proceed further would mean certain defeat due to the absence of a material witness or some similar situation.

The New Jersey court presented what appears to us as a better reason for not permitting the nonsuit. It came to the conclusion that after a party had appealed, his right to exercise control by dismissing the action came to an end, and that the judgment below conferred a right upon the adversary which the plaintiff should not be allowed to deprive him of at the plaintiff's pleasure. The court observed that if an unsuccessful plaintiff should have the privilege of depriving his adversary of the latter's victory upon appeal, the law had better confer this right in the court of first instance.

The question then becomes an inquiry, to what extent does the Code of Procedure confer upon the plaintiff the right to take a nonsuit? Specifically the question is, does the Code deny this right when the plaintiff is before an appellate tribunal? There, as in the court below, the burden of proof rests upon him. The law exacts of him generally that he submit the first evidence; the onus of ultimately persuading the court rests upon him. Based upon these considerations the law has yielded to him some control over the eventual outcome of the litigation by permitting him to stop should he choose, except in certain classes of cases. He cannot dismiss any counterclaims or set-offs; the power of nonsuit permits him

to dismiss only his demands. If this power of management is essential to him in the court of first resort, it is difficult to understand why it is not equally essential when he appeals unto a court where the case is to be tried *de novo* and the testimony of witnesses is to be taken and heard. We believe that it is considerations of this nature that persuaded the lawmakers to write into our Code of Procedure that voluntary nonsuit may be taken at any time unless a counterclaim has been pleaded as a defense. The New Jersey court apparently was unhampered by a statute of this character. Where a statute yields to the plaintiff this privilege, we are not warranted in withholding from him a portion of it. It would seem as though the foregoing demands that the plaintiff who finds himself in an appellate court where his cause is to be tried *de novo* upon the testimony of witnesses called to the stand should be permitted to take a voluntary nonsuit. But in our case the nonsuit was taken at once, before any witnesses had been called: the problem remains whether this may be done. If a party who seeks to avail himself of a nonsuit announces his grounds and they appear unsatisfactory to the court, this would not become the occasion for denying the privilege. This privilege is somewhat akin to the litigants' right to exercise peremptory challenges in the selection of a jury. In some instances it may be that the right would be worthless unless the party would be permitted to exercise it immediately upon reaching the appellate court. Thus, he may have become convinced that his pleadings were defective and that, therefore, a trial in the Circuit Court where no material change can be wrought in the pleadings would be useless.

In the present case the respondent claims that an untruthful entry in the decree induced him to move for a nonsuit. We conclude that the respondent was warranted in availing himself of the nonsuit and that the court did not err when it allowed his motion.

It follows from the foregoing that we will adhere to our former decision.

FORMER OPINION ADHERED TO.